### KANKE & McKINLEY v. HERRUM ET AL.

1. **Record of Judgment**: DESTRUCTION: COSTS. The costs in a proceeding to restore the record of a judgment which had been destroyed, if the motion is resisted and is sustained by the court, should be taxed against the losing party.

2. ————: JURISDICTION. In such a proceeding the only questions for determination are the prior record of the judgment, and its destruction. The regularity of the judgment or its validity cannot be inquired into therein.

*Appeal from Emmet District Court.*

FRIDAY, APRIL 19.

PROCEEDING by motion to restore a record of a judgment against defendants and in plaintiffs' favor, which had been destroyed by fire. The motion was sustained, and the costs, except those made in resistance of the motion, were taxed to the plaintiffs. From the order taxing the costs to them, the plaintiffs appeal; from the order restoring the judgment, the defendants appeal.

*E. B. Soper,* for plaintiffs.

*Geo. E. Clark* and *Hawkins & Jones,* for defendants.

BECK, J.—I. Plaintiffs introduced proof by affidavits in support of their motion, showing that a judgment had been

Kanke & McKinley v. Herrum.

entered in their favor upon confession, against defendants, the record whereof had been destroyed by fire. The defendants filed the affidavit of one of their number, denying that he had ever authorized the entry of the judgment, and averring that, if any judgment had been entered, it was without his knowledge or authority, and he believes that no such judgment was ever actually entered. Upon the final hearing of the motion the court ordered the judgment to be restored, and further ordered that plaintiffs pay all the costs except such as were made by defendants in resisting the motion. Both parties appeal.

II. The plaintiffs' appeal involves the question of the correctness of the court's order taxing costs against them. We think it erroneous.

Code, § 2933, provides as follows: "Costs shall be recovered by the successful against the losing party. But where 1. RECORD of the party is successful as to a part of his demand, judgment: destruction: and fails as to part, unless the case is otherwise costs. provided for, the court may, on rendering judgment, make an equitable apportionment of costs."

The defendants resisted plaintiffs' motion, and were the losing parties. While neither party was in fault, on account of the destruction of the record which created the necessity of the proceeding, yet the fault of the defendants in resisting the relief sought by plaintiffs, rendered the making of costs necessary. Had defendants assented to the restoration of the record, process may have been unnecessary. Neither would they have stood in the position of a losing party, for they would have claimed nothing and therefore would have lost nothing. If, therefore, process had been served by plaintiffs, they could, upon appearing and consenting to the restoration of the record, have claimed that they were not the "losing party," and therefore not liable for costs. The fact that the restoration of the judgment was necessary for defendants' protection, because they could not have safely paid it

until restored, cannot be urged in their favor, in view of their resistance to the proceedings.

Defendants were not partly successful in the proceeding, so that they could claim an apportionment of the costs under the statute above cited.

We conclude that the District Court erred in taxing any portion of the costs to plaintiffs.

III.   The defendants, upon their appeal, insist that the testimony before the court was not sufficient to authorize the judgment, and that, as defendants denied the authority upon which the judgment was confessed, they were entitled to a trial, as in an action at law upon an issue involving that fact.

2. ——: juris-
diction.

In the first place, the abstract shows that the clerk of the court and plaintiffs' attorney unite in affidavits showing the prior existence of the record of the judgment and its destruction.   One of the defendants denies the authority to enter the judgment, but does not directly deny its prior existence. Upon this evidence the court was well warranted in granting the order of restoration.

The prior existence of the record and its destruction were the only matters in issue before the court.   These being established, the restoration was properly ordered.   The absence of authority to enter the judgment, or other matters affecting its regularity, or even its validity, were not involved in the proceeding.   These, if they exist, and are of such character that they may be urged against the judgment, may be the ground of relief in other proceedings to be instituted by defendants.   If such matter could be used to assail the original judgment, were it now in existence, they may be used with like effect against the judgment as restored.

But it is not shown that testimony other than that found in the abstract was not introduced in support of the court's action.   Even if we do not regard the testimony before us sufficient to satisfy our minds upon the issue raised, we cannot disturb the order of restoration in the absence of a show-

ing that we have before us all the testimony submitted to the court below.

The court below did not err in the order restoring the judgment.

No other questions arise in the case. The judgment of the District Court is

<div align="right">

REVERSED UPON PLAINTIFFS' APPEAL,

AFFIRMED ON DEFENDANTS' APPEAL.