[Civ. No. 1030.  First Appellate District.—October 30, 1911.]

In the Matter of the Estate of SIMON L. JONES, Deceased;
EUGENIA J. JONES, Respondent, v. ELSIE P. DEN-
ROCHE, Appellant.

RESTORATION OF BURNED RECORD—DECREE OF DISTRIBUTION—RIGHTS OF
DIVORCED WIDOW—APPARENT INTEREST.—Where a decree of dis-
tribution following the terms of a will distributed certain real
property to a son, as sole heir of the testator, for life, with remainder
to his two named children, "provided, that, in case of his death
before his wife Eugenia, she should have during her natural life,
and while she remained his widow," certain specified income, and
the decree was destroyed by the fire of April, 1906, it is held that
such designated wife, after her husband's death, has such apparent
interest in the burned record as entitles her to restore the destroyed
record, regardless of the question whether by her divorce from her
husband prior to his death she has by her conduct lost the rights
thus given her.

ID.—PURPOSE AND EFFECT OF RESTORING DESTROYED RECORD.—The pur-
pose of the proceeding to restore a destroyed record, permitted by
statute, is to have conclusive evidence of the contents of the record,
and thus dispense with the necessity of resorting to secondary evi-
dence in any litigation that may arise to enforce rights or obliga-
tions established thereby, or in other cases where resort to it is
usual or necessary.  The sole object of the proceeding is to restore
the record, and the ends of justice would not be promoted by com-
plicating it with other issues; but it is proper that the record should
be restored, and thus put the parties into a position to litigate
their differences precisely as if the record had not been destroyed.

ID.—POWER OF COURT TO RESTORE RECORD—ABUSE OF DISCRETION NOT
SHOWN.—It is held that, under the circumstances of this case, and
in view of the facts that the court had power of its own motion
to restore its own records, and that the sole object of the statute
is to restore the record as it existed, and also that, as a rule, the
regularity or legal effect of the record will not be considered, there
is no reasonable theory upon which it can be said that the trial
court in restoring the record abused its discretion.

APPEAL from an order of the Superior Court of the
City and County of San Francisco, made after judgment re-
storing lost and destroyed records.  Thomas F. Graham,
Judge.

The facts are stated in the opinion of the court.

Powell & Dow, for Appellant.

Charles L. James, for Respondent.

KERRIGAN, J.—This is an appeal from an order made after final judgment, restoring certain lost and destroyed records.

In 1890 Simon L. Jones died, leaving a will. About a year later, the estate having been duly administered, a final decree of distribution was made therein which, following the terms of the will, distributed certain real property to the son and sole heir of the deceased, Everitt D. Jones, for the period of his natural life, and decreed that upon his death said real property should vest in equal shares in Elsie P. Denroche, the appellant, and Sidney Lloyd Jones, children of Everitt D. Jones, "provided, however, that in case of the death of said Everitt before his wife Eugenia, she should have during her natural life and while she remained his widow, the sum of three hundred ($300) dollars per month and one-half of the income given to the children of Everitt under this will."

Thereafter, in 1899, in an action which had been instituted by Eugenia, she was granted a final decree of divorce from Everitt, and was awarded $160 per month permanent alimony.

In March, 1907, Everitt, on his death-bed, married Bertha Grace Turner, and a few hours later died, leaving a will, which, among other things, provided that his former wife Eugenia should receive during the term of her natural life the sum of $160 per month as provided in the decree of divorce.

In the conflagration of April, 1906, in San Francisco, all the papers and records in the Estate of Simon L. Jones were destroyed. Two years later Eugenia Jones filed a petition for the restoration of that record, which petition was opposed by Elsie P. Denroche, principally upon the ground that Eugenia was not a party or person interested in the record sought to be restored within the terms of the statute relating

to the restoration of lost or destroyed records. (Stats. 1906, p. 73.) After full hearing the trial court held with petitioner, and accordingly ordered the records and papers restored.

The appellant argues that the petitioner, having divorced her husband, has no interest in the record, and consequently it should not have been restored at her instance.

We cannot agree with this position. The obvious purpose of the proceeding permitted by the statute in question is to have conclusive evidence of the contents of the record, and thus to dispense with the necessity of resorting to secondary evidence in any litigation that may arise to enforce rights or obligations established by such record, or in other cases where resort to it is usual or necessary. It is perfectly clear, we think, from the provisions of the decree of distribution in the record sought to be restored above recited, that the petitioner has such an interest in said record as to entitle her to have it restored. She is directly mentioned in said decree of distribution, and substantial rights given to her under certain contingencies. The evidence introduced by the appellant upon the hearing of the petition in the court below certainly fails to show that the petitioner is a mere interloper, with no possible or debatable interest in the record— in which event only should she be denied the restoration of the record sought. Even if an examination of the authorities would show, as claimed by appellant, that the petitioner having divorced Everitt D. Jones prior to his death, she is not entitled to the provision made for her under the will of Simon L. Jones (upon which question we express no opinion), still that is not a question to be determined in a proceeding to restore a record; especially where upon the face of the record itself her interest is undisputed. We think it entirely proper that in such a case the record should be restored, and the parties be put into a position to litigate their differences precisely as if the record had not been destroyed. In the language of the court in the case of *Vail* v. *Iglehart*, 69 Ill. 332: "The sole object of this proceeding is to restore a record; and we do not conceive that the ends of justice would be promoted by complicating it with other issues."

There is nothing in the case of *Garwood* v. *Garwood*, 29 Cal. 514, in conflict with this view. In that case in a certain estate a petition for letters of administration by Henrietta M. Garwood was resisted by Joseph Garwood, and after a hearing it was ordered that the objections to her appointment be held for naught. Thereupon, when the first annual account of the administratrix came up for settlement, Joseph Garwood applied to the court for permission to contest the same, but the court found that he had no interest in the estate, and denied his petition. There the question of interest did not arise, as here, in an independent proceeding; but even in that case, notwithstanding that the superior court had just previously gone fully into the subject of Garwood's interest in the estate, the supreme court plainly intimated that it would have been a proper exercise of discretion to have allowed Garwood to contest the account. In that case the views of the court are stated in the syllabus as follows: "However remote or contingent the interest of a person may be, who asks to be allowed to contest an administrator's account, his right to contest should not be denied."

Under the circumstances of this case, and in view of the fact that the court had the power of its own motion to restore its own records (34 Cyc. 606), we are at a loss to understand upon what reasonable theory it can be said that the trial court in restoring the record abused its discretion.

The authorities are numerous to the effect that the sole object of statutes like the one here under consideration is to restore the record as it existed, and that as a rule the regularity or legal effect of the record will not be considered. (*Kanke* v. *Herrum*, 48 Iowa, 276; *Whitney* v. *Jasker Land Co.*, 119 Ala. 497, 500, [24 South. 259]; 19 Am. & Eng. Ency. of Law, 558; 34 Cyc. 610.) This principle was applied in *Vail* v. *Iglehart*, 69 Ill. 332, 336, where it was held improper to allow a person opposing a motion to restore a lost record, to show that the attorney who confessed the judgment had no power to do so, the court observing that questions affecting the judgment, other than those which appear on the face of the record sought to be substituted, should not be investigated in such a proceeding. Continuing, the court said that the record should be restored substantially

as it was, even if voidable, and the other party left to make whatever defenses not appearing from the face of the record that might exist, precisely as he could had the record not been destroyed.

So, in the present case, it appears from the face of the record that the petitioner is a beneficiary under the terms of the will of Simon L. Jones; and under the doctrine of the cases just referred to the record should be restored, and the appellant left to such defenses as she may have just as though the record had not been lost or destroyed.

The order appealed from is affirmed.

Lennon, P. J., and Hall, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 28, 1911.