[S. F. No. 5827.    Department One.—August 6, 1912.]

MINNA FOERST, Respondent, v. JOHN KELSO, Appellant.

RESTORATION OF DESTROYED COURT RECORDS—RESTORATION OF JUDGMENT-ROLL—MOTION FOR NEW TRIAL PENDING AT TIME OF DESTRUCTION—IMPOSSIBILITY OF RESTORING BILL OF EXCEPTIONS.—Under the provisions of the act of June 16, 1906 (Stats. 1906, Ex. Sess., p. 73), for the restoration of court records "lost, injured or destroyed by conflagration or other public calamity," a judgment creditor in an action in the superior court of the city and county of San Francisco, the entire record of which was destroyed by the conflagration of April, 1906, may maintain a proceeding for the restoration of the judgment-roll therein, notwithstanding the fact that at the time of such destruction a motion for a new trial and the settlement of a bill of exceptions to be used thereon were then pending, and it is impossible to restore the contents of the bill of exceptions.

ID.—EFFECT OF RESTORED RECORD NOT INVOLVED IN PROCEEDING FOR RESTORATION.—On an application for the restoration of such judgment-roll, or on an appeal from the order of restoration, no question is involved as to the effect of the judgment-roll when restored, or as to the right of the judgment debtor to relief by or on account of the pendency of his motion for new trial.

APPEAL from an order of the Superior Court of the City and County of San Francisco restoring a destroyed record. John Hunt, Judge.

The facts are stated in the opinion of the court.

J. C. Bates, for Appellant.

Sullivan & Sullivan, and Theo. J. Roche, for Respondent.

ANGELLOTTI, J.—In February, 1901, plaintiff filed in the superior court of the city and county of San Francisco, an amended complaint stating a cause of action for damages. In March, 1901, defendant filed his answer. The cause was tried with a jury, which, on December 12, 1905, rendered its verdict in favor of plaintiff for the sum of seven thousand dollars. Judgment was entered in accord with said verdict on December 14, 1905, and the judgment-roll in said action was made up and certified by the clerk on the same day.

Within ten days after the rendition of such verdict, defendant served and filed his notice of intention to 'move for a new trial on some or all of the grounds specified in section 657 of the Code of Civil Procedure, stating in such notice that the motion would be made upon a bill of exceptions. Within the requisite time, his attorney served on plaintiff's attorneys his proposed bill of exceptions, and subsequently and in due time, plaintiff's attorneys served on defendant's attorney amendments to said proposed bill of exceptions. At this stage, neither said proposed bill of exceptions nor said proposed amendments having as yet been filed among the papers of the case, and the same apparently being in the possession of the attorney of defendant, and no bill of exceptions having been settled and said motion for a new trial being still pending, came the great conflagration of April 18 and 19, 1906, by which all of the records and files in said cause, and also all papers relating thereto in the office of said attorney for defendant, including said proposed bill and proposed amendments, and the shorthand reporter's transcript of the proceedings which such attorney had, were destroyed. Attorney for defendant, in his affidavit made November 9, 1910, which is not contradicted, states that the shorthand reporter who took down in shorthand the proceedings in said cause is dead, and that he believes it impossible to obtain another transcript of such proceedings, and that the evidence taken at the trial has passed from his memory and that he cannot now state even the substance thereof. On November 3, 1910, plaintiff made her application to said superior court, in accord with the provisions of the act of June 16, 1906 (Stats. 1906, Ex. Sess., p. 73), for the restoration of court records "lost, injured or destroyed by conflagration or other public calamity," for an order reciting the substance and effect of the judgment-roll in said action. After proper proceedings had, this application came on for hearing November 18, 1910. It was admitted that the judgment-roll as set forth in the application to restore such records, was correctly set forth, with the exception of a minor detail, which was corrected. The affidavit of defendant's attorney, the material facts stated in which have already been set forth, was read in evidence. Defendant's attorney claimed, both in his affidavit and at such hearing, that either the motion for a new trial should

be granted, or that plaintiff's motion for restoration should be denied, on the ground that the granting of the same would give plaintiff an unfair advantage over defendant and leave defendant without any adequate remedy, as it was impossible for defendant to supply a new proposed bill of exceptions to be used on his motion for a new trial, and that the granting of such motion would be a violation of his rights under the fourteenth amendment to the constitution of the United States. The trial court overruled the objections of defendant and made the order petitioned for by plaintiff, viz., "an order reciting what was the substance and effect" of such destroyed judgment-roll. This is an appeal from such order and from the judgment in said action as recorded on the restoration proceedings, December 1, 1910.

Nothing is said in defendant's brief about an appeal from the judgment. We do not understand that it was intended to appeal from the judgment entered December 14, 1905, which is the only judgment in the case, and the time for appeal from which had expired several years prior to the taking of this appeal. The judgment referred to in the notice of appeal is one recorded and entered on December 1, 1910, on which date the order of the court reciting the contents of the lost judgment-roll, including the judgment, was recorded by the clerk of the court, the order of restoration. No judgment was entered on that day, but only an order reciting the contents of a lost judgment-roll, including a judgment that had been entered on December 14, 1905. Practically, the appeal is only from the order of the court restoring the records sought by plaintiff to be restored. There is no appeal from any order refusing to grant the defendant a new trial, nor does it appear that the trial court has acted upon any such motion. It simply regarded the facts stated in support of the demand of defendant for a new trial as an insufficient objection to the restoration of the record, and overruled the same.

So far as appellant bases any claim for a new trial upon the provisions of an act entitled, "An act providing for the disposition of actions and proceedings in which bills of exceptions and statements on motion for a new trial have been lost or destroyed by conflagration or other public calamity," approved March 23, 1907 (Stats. 1907, p. 998), his claim

would appear to be without force in view of the express provision contained therein, that "the motion provided for by this act must be made within thirty days after the loss or destruction of such records; provided, that in any case now pending such motion may be made at any time within sixty days after the passage of this act." No demand or motion based on facts warranting such action under this act was made until November 11, 1910, and no request was made to the court until November 18, 1910.

But we are satisfied that no question as to the effect of the judgment-roll when restored, or as to the right of defendant to relief by or on account of the facts set up by him in the affidavit of his attorney, was involved on the application for restoration of the record, or is involved on this appeal. A somewhat similar question was presented in *Estate of Jones,* 17 Cal. App. 327, [119 Pac. 670], in which a petition for hearing in this court was denied. The opinion of the district court of appeal in that case succinctly and clearly states the law applicable on such applications, so far as this matter is concerned. Substantially it is held that the sole object of such a proceeding as this is to restore a record; that the obvious purpose of such a proceeding is to permit a person apparently having some interest in a lost record, even though his interest is perhaps doubtful, to have the same restored so that it may afford conclusive evidence of its contents, and obviate the necessity of resorting to secondary evidence in any litigation that may arise to enforce rights or obligations established by such record; that the ends of justice would not be promoted by complicating the question of restoration of the records with other issues, and that as a rule the regularity or legal effect of the record will not be considered; that questions affecting the judgment, other than those which appear on the face of the record sought to be substituted, should not be investigated in such a proceeding; and that in such a case the record should be restored substantially as it was, even if voidable, and the other party left to make whatever defense not appearing from the face of the record that might exist, precisely as he could had the record not been destroyed. Whatever rights or remedies defendant had at the time of this application for restoration, by reason of the matters set up in the affidavit, plaintiff was nevertheless en-

titled to such restoration and the trial court did not err in making the order therefor.

The order appealed from is affirmed.

Shaw, J., and Sloss, J., concurred.