[S. F. No. 6187.    Department Two.—November 25, 1913.]

## IDA F. SHORES et al., Respondents, v. MILTON WITHERS, Appellant.

LOST INSTRUMENT—DEED DESTROYED BY FIRE—ACTION TO COMPEL RE-EXECUTION.—In an action under section 3415 of the Civil Code to compel the re-execution of a deed destroyed by fire, it is immaterial that the instrument was delivered to the grantee conditionally. If the defendant has some defense to the apparent efficiency of the deed to pass title without qualification, he may assert it in a proper action, offensive or defensive. Such instruments should be restored even though voidable. A defense not apparent upon the face of the writing may be asserted precisely as if the document had not been burned.

APPEAL from an order of the Superior Court of the City and County of San Francisco refusing a new trial. Franklin J. Cole, Judge presiding.

The facts are stated in the opinion of the court.

Costello & Costello, for Appellant.

Frank V. Bell, for Respondents.

MELVIN, J.—Defendant appeals from an order denying his motion for a new trial.

The action was one under the provisions of section 3415 of the Civil Code to compel the defendants to re-execute and re-acknowledge a certain deed destroyed by fire. The complaint alleges the conveyance to defendant by Leander Shores of certain real property in Tulare County to secure the payment of four hundred dollars; the subsequent repayment of that sum; the due execution, acknowledgment, and delivery of a deed by defendant to said Leander Shores; the fact that the last named deed was not recorded; its destruction in the great fire at San Francisco, April 18, 1906; the death of Leander Shores and the distribution of his estate to the plaintiffs; the subsequent discovery by plaintiffs of the former existence and destruction of the deed; and the unsuccessful demand by them that defendant should replace the destroyed instrument with a similar deed to them. Defendant acknowledged the making of the original deed of reconveyance, but denied the repayment of the indebtedness; and alleged that the deed was placed in the hands of Leander Shores with the express understanding that such act should not take effect as a delivery of the said deed and should not be placed of record until the sum of four hundred dollars with interest should be repaid to Milton Withers. The trial court found in accordance with the allegations of the complaint, including the repayment of the money by Shores to Withers.

Appellant's arguments with reference to his belief that his motion should have been granted refer principally to alleged errors committed by the court in rejecting testimony tending to establish the conditional delivery of the deed to Shores. Respondent contends, however, that that part of the evidence was entirely immaterial; that the only points at issue are the existence of an interest of plaintiffs in the deed sought to be restored; the execution, acknowledgment, and delivery of the instrument to the predecessor in interest of the plaintiffs; and the destruction of the said deed. All of these matters are either admitted or not seriously controverted by appellant.

The position of respondents is entirely correct. There is only one point of difference between these litigants, and that is whether or not the four hundred dollars to secure which the original deed was given by Shores to Withers had been

repaid. That point is wholly immaterial here. The sole object of the proceeding is to restore the record. Other matters have no place in the controversy. If the plaintiffs are entitled to be placed in exactly the position which was occupied by their predecessor in interest, then the deed should be restored and delivered to them as ordered by the court. If the defendant has some defense to the apparent efficacy of the deed to pass title without qualification he may assert it in a proper action offensive or defensive. Such instruments should be restored even if they be voidable. (*In re Jones,* 17 Cal. App. 328, [119 Pac. 670].) The party having a defense not apparent upon the face of the instrument may assert it precisely as he might have done if the document had not been burned. (*Foerst* v. *Kelso,* 163 Cal. 439, [125 Pac. 1054].)

There is no distinction to be made between public records and private instruments in this regard. The reason in one case is exactly the same as in the other. The owner of the destroyed instrument is entitled to be placed in a position in which he will not be compelled to establish his rights by secondary evidence.

The order from which the appeal is taken is affirmed.

Henshaw, J., and Lorigan, J., concurred.