The opinion of the court was delivered by
Gibson, J.
Before admitting a record as evidence, the court must be enabled to judge of the legal effect of the whole of it which may be different from that of a part; and a bare extract is therefore not the best evidence of which the case is susceptible. But the court will not pronounce evidence to be secondary where it does not appear on the face of it that better remains to be produced. Then from what is the court to judge whether an exemplication contains the whole record? Certainly from the certificate of the officer, whose business it was to authenticate it, and to whose acts, in this particular, full faith and credit are due. This much was decided in Ferguson v. Harwood, 7 Cranch, 408, where the terms of the certificate were more equivocal than in the case under eosideration. There the officer had certified, that the paper was “ truly taken from the record of the proceedings of Prince George’s county court:” here he has certified, that it is “ truly copied from the records of the Court of Common Pleas of Cumberland eounty;” and a true copy imports an entire copy. In that case, the record was authenticated according to the act of of congress, of 1790; but that act give’s to such authentication no greater or more conclusive effect than it would have without the aid of the act in the state from which the record was sent; so that the decision does not rest on any peculiar provision of the act of congress, but on the principles»of the common law. But it is not *136 only in point, but founded in reason. Every court is the best judge of its own records, and its officer, acting by its direction, is presumed to certify nothing but the truth; and to justify the decision of another tribunal against the truth of the certificate, would require something besides the absence of certain things which are usually constituent parts of a complete record. We know, for instance, that judgment is often confessed without a declai-ation having been filed, and a declaration is usually a part of the record of an action; but the want of a declaration would furnish no objection to the admission of a certified copy of the record, provided every thing were certified as fully as it remained in the court from which the copy was sent. The rule then is, that where it appears from the certificate that the paper is a copy of the record, it will be intended that it is the whole record; otherwise, where it appears to be a mere extract from the minutes of the proceedings.
Judgment reversed, and a venire facias de novo awarded.