Syllabus.

# ASA VAIL

*v.*

# NICHOLAS P. IGLEHART.

1. RESTORATION OF LOST RECORDS. In a proceeding under the act of March 19, 1872, entitled "An act to provide for the restoration of court records which have been lost or destroyed," the investigation should be limited to the inquiry: what was the substance of the original record sought to be restored.

2. SAME—*questions not appearing of record.* Questions affecting the judgment, other than those which appeared of record, should not be investigated in such a proceeding. The record should be restored substantially as it was, leaving the other party to any defenses not apparent on the face of the record, to be asserted in a different proceeding, precisely as if the loss or destruction had not occurred.

3. SAME—*relief, when refused and when allowed.* If it clearly appears that the judgment was, upon its face, void, no order should be made for its restoration, as the party is not injured by the refusal. But where it appears that the judgment was voidable merely, or was, in all respects, regular and valid, the record thereof should be restored.

4. SAME—*record includes more than the final judgment.* As the order restoring a lost or destroyed record is to have the same effect as the original record would have, if in existence, it follows, that it is not sufficient to restore a part only of the lost record, such as the final judgment, but the whole of it must be restored, including the summons, pleadings, etc. The court can only determine the legal effect of a judgment from an inspection of the whole record.

5. Where, in a proceeding to restore the record of a judgment which was confessed on warrant of attorney and *cognovit,* neither the petition nor the order of the court showed what the warrant of attorney and *cognovit* contained, or whether the judgment was entered in term time or in vacation, it was *held,* the order of restoration was erroneous. In such a case the substance of the warrant of attorney and *cognovit* must be stated in the petition, be proved on the hearing, and recited in the order of the court.

6. JUDGMENT—*copy as evidence.* The general rule is, that where the copy of a record of a judgment is required, it must be of the whole record, so that the court may determine the legal effect of the whole of it, which may be quite different from that of a part.

APPEAL from the Superior Court of Cook county; the Hon. WILLIAM A. PORTER, Judge, presiding.

This was a petition, filed by Nicholas P. Iglehart against Asa Vail, to restore the record of a judgment which had been destroyed by fire. The opinion of the court states the material points and facts involved in the case.

Mr. ROBERT RAE, and Mr. J. W. BEACH, for the appellant.

Messrs. SCOVILLE, CORWIN & BAYLEY, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The questions arising upon this record, which have been discussed and require our consideration, are two :

1st. What should be alleged and proved to entitle a party in interest to restore the record of a judgment which has been lost or destroyed, when a certified copy thereof can not be obtained ?

2d. What questions can be investigated in a proceeding instituted for that purpose ?

The first section of the act approved March 19, 1872, entitled "An act to provide for the restoration of court records which have been lost or destroyed," provides that whenever the record of any judgment or decree, or other proceeding of any judicial court of this State, shall have been or shall hereafter be lost or destroyed, it may be restored by supplying a certified copy thereof, in the manner therein directed. And the second section of the act is in these words : "Whenever the loss or destruction of any such record or part thereof shall have happened, or shall hereafter happen, and such defect can not be supplied, as provided in the next preceding section, any party or person interested therein may make a written application to the court to which such record belonged, verified by affidavit or affidavits, showing the loss or destruction thereof, and that certified copies thereof can not be obtained by the party or person making such application, and the substance of the record so lost or destroyed, and that such loss

or destruction occurred without the fault or neglect of the party or person making such application, and that the loss or destruction of such record, unless supplied, will or may result in damage to the party or person making such application; and thereupon said court shall cause said application to be entered of record in said court, and due notice of said application shall be given, as in chancery cases, that said application will be heard by said court; and if, upon such hearing, said court shall be satisfied that the statements contained in said written application are true, said court shall make an order, reciting what was the substance and effect of said lost or destroyed record, which order shall be entered of record in said court, and have the same effect which said original record would have had if the same had not been lost or destroyed, so far as concerns the party or person making such application and the persons who shall have been notified, as provided for in this section." (2 Gross, 117.)

What, then, is the meaning of the words "record of any judgment," as they are used in this act? It seems to be argued by appellee as if their meaning is, in his opinion, to be limited to the final entering of the judgment of the court by the clerk in the proper record. This, to our apprehension, is entirely too narrow a construction to accomplish the purposes of the act, nor do we understand that such is the plain and obvious import of the words used. The record of a judgment, at common law, was known as "the judgment roll," and this included, as well, the pleadings, process, etc., as "signing judgment." Stephens on Pleading, 24, *et seq.;* Freeman on Judgments, 51, § 75.

Under our practice, while the pleadings, process, etc., are not, as at common law, required to be copied on a parchment roll, nor in the record book in which final judgment is entered, they are required to be filed in the office of the clerk; and, when a copy of the record of the judgment is required, for the purpose of bringing the case by appeal or writ of error into this court, or bringing suit upon it in another State, or as evi-

dence under an issue of *nul tiel record*, or to establish a former adjudication of the same subject matter between the same parties, and, indeed, in all cases where it is essential to have a complete record of a judgment, the pleadings and process are an indispensable part of it.   And the general rule is, that where the copy of a record of a judgment is required, it must be of the whole record, so that the court may determine the legal effect of the whole of it, which may be quite different from that of a part.   *Eamiston* v. *Schwartz*, 13 Serg. & Rawle, 135 ; *Vance* v. *Reardon*, 2 Nott & McCord, 299 ; *Dismukes et al.* v. *Musgrove*, 8 Martin (Lou. R. N. S.) 375, 381; *Ingham* v. *Crary*, 1 Pa. 389–394.

  By the express language of the section quoted, when the order restoring the judgment is entered of record, it shall have the same effect which the original record would have had if it had not been lost or destroyed.   It is manifest that this does not contemplate that a party shall be authorized to restore so much of the record only as he may conceive would prove of advantage to himself.   No part of a record, by itself, can have the same effect that it does when taken in connection with the whole of the record.   A judgment against a party without notice, either actual or constructive, is void.   It is not a judgment—it is a blank, as if it had not been written. *Smith* v. *Smith*, 17 Ill. 483.

  Here, it is claimed that judgment was confessed on warrant of attorney and *cognovit*.   The original record showed what these contained—neither the petition nor the order does. Whether the confession was authorized or not, can, therefore, only be determined by inference.   The validity of the original judgment was apparent from the record.   If the confession was unauthorized, it was void.   Here we must, to determine the validity of the judgment, indulge in presumptions which may possibly be contrary to the fact.   To determine that the restored record has the same effect as the original, we must know that its legal effect is the same.   It is not sufficient to say that we will presume that it is the same, until

the contrary shall be shown—we must know, with reasonable certainty, that it is the same.

We, therefore, hold, that the substance of the warrant of attorney and *cognovit* should have been stated in the petition, proved on the hearing, and recited in the order of the court, so that the legal effect of the judgment would appear from the restored record as it appeared in the original record.

It does not appear, from the record before us, whether the judgment was rendered at a regular term of court or in vacation, what was the substance of the warrant of attorney and *cognovit*, or by whom signed. This, we think, for the reasons given, is clearly insufficient.

We do not hold that there should be literal accuracy, either in averment or proof, but substantial accuracy is required, both by the letter and spirit of the act. To allow a party to so restore a record, either by omissions of material parts or false statements of facts, as to give it a presumptive validity, even, which the original did not import, would afford facilities for the perpetration of fraud and injustice which could not have been intended by the legislature, when enacting the law under which this proceeding was had.

We think, however, that the investigation in cases of this kind should be limited to the inquiry, what was the substance of the original record which is sought to be restored? If, from the investigation, it clearly appears that the judgment was, upon its face, void, then the party could not possibly be injured by its not being restored, and no order to that effect should be made. If, however, it appears that it was voidable merely, as well as when it appears that it was, in all respects, regular and valid, it should be restored, and when restored the substance of the record should be given as it was.

We do not think that any questions affecting the judgment, other than those which appeared of record, should be investigated. Whatever defenses, not appearing on the face of the record, may exist, the defendant can resort to precisely as he could had the record not been destroyed. The sole object

of this proceeding is, to restore a record, and we do not conceive that the ends of justice would be promoted by complicating it with other issues.

We do not deem it necessary to add more than to say, that the defects in the petition and order of court, to which we have alluded, are not waived or cured by the defendant's answer.

The order of the court below, restoring the judgment, is reversed, and the cause remanded, with leave to the petitioner to amend his petition, and for further proceedings not inconsistent with this opinion.

*Judgment reversed.*