Thomson, J.,
delivered the opinion of the court.
This action was brought upon the record of a judgment rendered in the state of Nebraska. The answer was a general denial. The trial resulted in judgment for the defendants, from which the plaintiff has prosecuted error to this court. The record presents but one question, and that is whether the plaintiff was entitled to a recovery upon the judgment introduced in evidence.
*39 The complaint alleges the commencement by the plaintiff, A. W. Jansen, of his action against the defendants, Hyde & Vedder, in the county court of Lancaster county, Nebraska, and the recovery by him of judgment against them for $459.11 and costs. At the trial a record was produced, properly authenticated in conformity with the act of congress, and given in evidence against the objection of the defendants as the record described in the complaint. The defendants have assigned cross error upon the ruling of the court in admitting the record. It appears from this record that the action in Nebraska was commenced by a copartnership under the firm name of Albert W. Jansen. & Co. The petition was entitled “ Albert W. Jansen & Co. v. Dana Gr. Hyde and N. M. Vedder.” It described the plaintiffs as a firm doing business in the city of Lincoln, Nebraska, and averred the execution by the defendants to the plaintiffs of four promissory notes, which were due and unpaid. The petition was verified by Albert W. Jansen, who stated in his affidavit of verification that he was one of the plaintiffs. The summons commanded the sheriff to notif}^ the defendants that they had been sued by Albert W. Jansen & Co., and, unless they answered the petition by a day named, it would be taken as true and judgment rendered accordingly. The return upon the summons was that it was served upon each of the defendants personally. The defendants failed to appear or plead, and their default was entered, which was followed by judgment against them for the amount claimed. The judgment as it was entered was entitled “Albert W. Jansen v. Dana Gr. Hyde and N. M. Vedder,” and was in the following words: “It is therefore by me considered, ordered, and adjudged that the plaintiff have and recover of and from the defendants the sum of $459.11 principal, and the interest on above notes, and for costs of this suit.” This judgment, detached from the record of which it is a part, would appear to be a judgment in favor of Albert W. Jansen alone, and such would be its effect if it might be regarded as something complete within itself. But it cannot be so *40 considered. A judgment entry is not an independent record. A judgment is the conclusion reached upon the case as it has been presented. Except where a judgment is entered by confession, or by agreement of the parties, to authorize the court to proceed to an adjudication, it must be in possession of a statement of the plaintiff’s cause of action. Such statement is called in this state a" complaint, and in Nebraska, as would seem from the record, a petition. If judgment is rendered in favor of the plaintiff, it must accord with, and be warranted by, the pleading which he has filed; and if it is unwarranted bj*- his pleading, or if none has been filed, it must be treated as a nullity. Young v. Rosenbaum, 39 Cal. 646; Bachman v. Sepulveda, 39 Cal. 688; Reynolds v. Stockton, 43 N. J. Eq. 211; Munday v. Vail, 34 N. J. Law, 418; Dunlap v. Southerlin, 63 Tex. 38.
A judgment is, therefore, dependent for its effect and validity upon the record which precedes it; and a record of a judgment, where a recovery is sought upon it in another state, or in any case where its force or effect is to be inquired into, includes the pleadings as well as the judgment entry. The pleadings and entry of judgment are indispensable parts of the record, as is also the process, if there has been no appearance by the defendant; although, if he has appeared, and thus made it immaterial whether there was process or riot, the record would perhaps be sufficiently complete without it. 1 Freeman on Judgments, secs. 75—78; Vail v. Iglehart, 69 Ill. 332.
There was no appearance by the defendants in the Nebraska court, and judgment went against them by default. This judgment record therefore consists of the petition, the summons, the return upon the summons, and the judgment-entry. There seem to have been attachment proceedings in aid of the suit, but these proceedings are no part of the judgment record. In the petition Albert W. Jansen & Co. were named as plaintiffs. The petition was so entitled, it alleged them to be a copartnership, and the notes which it set out as evidence of the indebtedness for which judgment was *41 prayed were payable to them by their firm name. The summons followed the complaint; but when the judgment was entered the words- “ & Co.” were omitted in the title, and in the recovery, the word “ plaintiff,” instead of “ plaintiffs,” was used. If this judgment is to be regarded as being in favor of Albert W. Jansen alone, it is a nullity. In a suit in which Albert W. Jansen & Co. sought to recover a debt due them jointly, the court had no power to render a judgment in favor of Albert W. Jansen alone. The judgment can be upheld only by treating its title as unimportant, and by interpreting the word “ plaintiff ” in its body as meaning Albert W. Jansen & Co. Whether the judgment is void, or is a valid judgment in favor of Jansen & Co., is immaterial in so far as this proceeding is concerned. In either case no action can be maintained upon it by Albert W. Jansen. But an expression of opinion upon the question may not be out of order, and may be of some benefit to the parties.
In Dunlap v. Southerlin, supra, it appeared from the record in evidence that the suit was instituted by John M. Southerlin and others. Their names appeared as plaintiffs in the petition, and in all the proceedings down to the final judgment, which, however, was entered in favor of L. S. Southerlin, a person who was not a party to the suit, and whose name, prior to the entry of judgment, was not mentioned in the proceedings. The court held the judgment void. There is this difference, however, between that judgment and the one in question here: that L. S. Southerlin was an entire stranger to that proceeding, whereas Albert W. Jansen was a party plaintiff to this ; and therefore, admitting the doctrine of the case to be sound, the decision is not necessarily determinative of the effect to be given to the Nebraska judgment.
In Wilson v. Nance, 11 Humph. 189, one of the questions was upon the validity of a judgment, from the transcript of the record of which the following appeared: The action had been brought against four defendants. In the margin of the entry which recited the verdict of the jury and judgment of the court only three of the defendants were named. The *42 judgment was “that the plaintiff recover of the defendants,” etc. The court said: “ This, in legal effect, is a valid judgment against all who are regularly defendants to the suit; and who are such is a matter to be ascertained by reference to the process, pleadings, and proceedings in the suit.” This decision seems to us to be in consonance with justice, and violative of no rule of interpretation. Where a defect in a judgment consists in some technical omission, which can be readily supplied from other parts of the record, it should be given the effect which was obviously intended, and upheld as a valid judgment.
In this case only one of the plaintiffs was named in the entitling of the judgment. But the title which precedes the judgment is no part of it. In the judgment itself the recovery was adjudged to “ the plaintiff.” By reference to the complaint and summons we find the suit was instituted by a firm, and while the firm in other places is referred to in the plural number, as “ the plaintiffs,” it is not improper to use the word as a singular noun. The record shows that the firm of Albert W. Jansen & Co. was the plaintiff, and the word “plaintiff” in the judgment means that firm. It can mean nothing else. The fact that the firm is elsewhere styled “plaintiffs ” is not important. We therefore think this judgment a good judgment in favor of Albert W. Jansen & Co. But it is not a judgment in favor of Albert W. Jansen ; and without an assignment to him of the interests of his coplaintiffs, which is not alleged, he could maintain no action upon it. The court admitted the record against the objection of the defendants, but nevertheless gave them judgment. It was error to receive the record, but the judgment was right, and must be affirmed.

Affirmed.