[No. 6942.]

McLaughlin v. Reichenbach.

Judgment—*Record as Evidence*—Where a judgment is relied upon as establishing a title, or any particular state of facts, it must be proven by the complete record, or a duly authenticated copy of the entire proceeding.

The rule is not changed by the provisions of the code as to the pleading of a judgment or other determination of a court. (Rev. Code 1908, sec. 71.)

*Appeal from Washington District Court.*—Hon. H. P. Burke, Judge.

Mr. August Muntzing and Mr. Egbert More, for appellant.

Messrs. Allen & Webster and Mr. W. W. McCollister, for appellee.

Mr. Justice Hill delivered the opinion of the court:

The appellee, as plaintiff, brought this action to quiet his title to certain land in Washington county. He

deraigned title from the United States. Judgment was in his favor. The defendant (in harmony with his pleadings), to sustain his title, offered in evidence a certain judgment or decree of the county court of Washington county purporting to quiet title in the grantors of the defendant against the plaintiff and others to the land in question. The plaintiff objected to the admission of this judgment unless it was accompanied by the judgment roll, showing the service of process upon which the court acquired jurisdiction, for the reason that the judgment offered was not to prove a collateral issue in the case then being tried, but to establish title in the defendant. This was the issue. The objection was sustained. The jurisdiction of the court to render the judgment offered was controverted by the pleadings.

In vol. 17 Cyc. page 320, it is said:

"The rule has been frequently stated that where a judgment is relied on as an estoppel, as an adjudication upon the subject-matter, or as establishing any particular state of facts of which it is the judicial result, it can be proved only by offering in evidence a complete record or a duly authenticated copy of the entire proceedings in which the judgment was rendered."

That the judgment offered in evidence was relied upon as an estoppel, as an adjudication against the plaintiff upon the subject-matter, and as establishing that particular state of facts against him, cannot be questioned. In such cases, so far as we are advised, the rule announced in Cyc. appears to be sustained by an unbroken line of authorities.—*Jansen v. Hyde,* 8 Colo. App. 38; Vol. 1, Wharton, Law of Evidence, (3rd Ed.), sec. 824; Vol. 2, Freeman on Judgments, (4th Ed.), sec. 407; *Harper v. Rowe,* 53 Calif. 233; *Mason v. Wolff,* 40 Calif. 246; *Mitchell v. Mitchell,* 40 Ga. 11; *Thomas v. Stewart,* 92

Ind. 246; *Vail v. Iglehart,* 69 Ill. 332; *Kenyon v. Baker,* 16 Mich. 372; *Hampton v. Speckenagle,* 11 Am. Dec. 704; *Walls v. Endel et al.,* 20 Fla. 86; *Sate, ex rel. Nave v. Hawkins, et al.,* 81 Ind. 486; *Davidson v. Murphy,* 13 Conn. 213; *Smith et al. v. Smith et al.,* 22 Iowa, 516; *Donald et al. v. McKinnon,* 17 Fla. 746.

This being the general rule what effect should be given to section 71, Revised Code, 1908? It reads as follows.:

"In pleading a judgment, or other determination of a court or officer of especial jurisdiction, it shall not be necessary to state the facts conferring jurisdiction, but such judgment or determination may be stated to have been duly given or made. If such allegation be controverted, the party pleading shall be bound to establish on the trial the facts conferring jurisdiction."

The purposes intended by this section were to simplify the pleadings pertaining to a judgment, but when the jurisdiction of the court to render it is controverted, the method of proving it is in no respect changed. The question of the court's jurisdiction to enter this judgment was controverted. The defendant was fully advised of this fact, yet saw fit to limit his offer to the judgment alone, when the objection was to its incompetency without being accompanied by the judgment roll. Under these circumstances, the ruling of the trial court was correct in sustaining the objection.

The second alleged error pertains to the rejection in evidence of a tax deed; this presents the question of whether it is void on its face. The tax deed shows the sale of the land to the county to have occurred upon the 21st day of October, 1896, and that the county clerk assigned the certificate to certain individuals on the 31st day of December, 1900, more than four years after the

sale. The clerk had no authority to assign the certi-ficate after the lapse of three years; a deed executed upon such an assignment is void upon its face. It was prop-erly rejected.—*Empire Ranch & Cattle Co. v. Coldren,* 51 Colo. 115, 117 Pac. 1005; *Carnahan v. Sieber Cattle Co.,* 34 Colo. 257; *Bryant v. Miller,* 48 Colo. 192; *Page et al. v. Gillett,* 47 Colo. 289.

The judgment is affirmed.                *Affirmed.*

Mr. JUSTICE MUSSER and Mr. JUSTICE GABBERT concur.