[No. 3560.]

## TERRY v. GIBSON.

1. LIMITATIONS—*Color of Title.* The Statute (Rev. Stat., sec. 4090) is not satisfied by a tax deed of record for less than seven years at the time of the institution of an action for the recovery of the lands.

—— Sec. 4073 of the Revised Statutes has no application to a bill to quiet title to lands.

Neither has the doctrine of laches.

2. —— *Short Statute.* A void tax deed does not set in motion the five years statute of limitations (Rev. Stat., sec. 5733).

3. TAX TITLES—*Tender of Taxes.* The original owner of land is not required to tender the accumulated taxes, prior to the institution of an action to recover the land.

4. JUDGMENT—*Record as Evidence—When the Judgment Roll Must Be Produced.* For the purpose of proving the existence and contents of a judgment, or the mere rendition thereof, the record entry, or an authenticated copy, is sufficient.

But if relied upon as an estoppel, it must be accompanied by the judgment roll, i. e., the complaint and summons, and according to the

weight of authority, the return of service, or the affidavit and other proceedings for the publication, where the service was constructive.

The mere record of the entry of a judgment which assumes to quiet the title to land is not even *prima facie* evidence of its validity.

*Appeal from Yuma District Court.* HON. H. P. BURKE, Judge.

Mr. R. H. GILMORE, for appellant.

Mr. JOHN F. MAIL, for appellee.

CUNNINGHAM, Judge.

Appellee Gibson, as plaintiff below, brought his action in the district court on November 25, 1908, to quiet title to the southeast quarter (¼) of section nineteen (19), township three (3) north, range forty-eight (48) west, in Yuma county. The answer consisted of eight defenses—a general denial; the so-called short statute of limitations; the seven year statute of limitations; the five year equity statute of limitations; a decree of the county court purporting to quiet title in himself; his claim of title by virtue of a tax deed; failure of the plaintiff to tender the delinquent taxes to the defendant prior to the institution of the suit, and laches.

1. The tax deed relied upon by appellant to support his title had been of record less than seven years at the time the plaintiff brought his action, hence the seven year statute of limitations was not satisfied. The equity statute does not apply to a case of this character.

2. Appellant's tax deed was void on its face for the reason, among others not necessary to mention, that the tax certificate upon which the same was based had been originally issued to the county, and more than three years after its date said certificate was assigned to the defendant's grantor by the clerk of the county. There-

fore, the short statute of limitations was not set in motion by the deed.

It has frequently been held by our supreme court that it is not necessary that the owner of the fee should offer to repay or make a tender of the accumulated taxes prior to the bringing of his action, and the same court has held that the defense of laches is not allowable in cases like this. ·

This leaves but one question in the case to be disposed of, namely, the purported judgment of the county court quieting title to the land in question, which the defendant set up in his answer.

3. On the trial the defendant, to support his deed, offered in evidence a decree of the county court which purported to quiet title to the premises in question in defendant's grantor. To this offer plaintiff objected, unless the judgment roll on which the decree was based was also offered in evidence. The trial court sustained the objection. No statement was made by counsel for defendant at the time of his offer of the county court decree and the ruling of the trial court thereon, or thereafter or at all, that he would or desired to supplement his offer of the decree by offering any part of the judgment roll, or by offering any other supporting evidence. Error is assigned by the defendant on the ruling of the trial court excluding the county court decree, and this feature of the case becomes important, indeed, the only one involved in the case not heretofore frequently considered by us. The trial court might well have admitted the decree—probably ought to have admitted it, for what it was worth, with leave to the plaintiff to move to strike it, or for judgment if it was not thereafter supplemented. But, conceding this to be the better practice, the trial court, under the circumstances as set forth above, did not commit reversible, or even prejudicial error. The

true rule with reference to the admission of a document of this sort is that for the purpose of proving the existence and contents of the judgment, or the mere rendition of it, the record thereof, or an authenticated copy of it, is sufficient without producing the remainder of the record; but when the record of a judgment is offered as an estoppel, or, when as in this case, it is offered as an adjudication of certain facts, it must be accompanied by the judgment roll. It is not necessary for us to go into the perplexing question of just what papers constitute the judgment record, or, as it is more frequently denominated, the judgment roll; the authorities are in hopeless confusion on this subject. But all the cases agree that the complaint, the summons, and most of them the return upon the summons, the affidavit for publication where constructive service is made, and papers of that sort, constitute a part of the judgment roll. As none of these fundamental instruments were offered by the defendant in this case in connection with the decree, it is only necessary to determine whether the naked decree is or is not *prima facie* proof of the validity of the judgment. The question is an interesting one, but it does not seem necessary that we should prepare an elaborate opinion to support our views as already indicated.

The following authorities support the rule as above stated: 10 Enc. of Evd., p. 791; 17 Cyc., 320; 3 Taylor on Evd., Sec. 157a; 1 Greenleaf on Evd., 511; 1 Freeman on Judgments, Sec. 78-79; Sec. 392, Colorado Code (1908); *Gibson v. Robinson,* 90 Ga., 756, 16 S. E., 969; *Kerchner v. Frazier,* 106 Ga., 437, 32 S. E., 351; *Young v. Rosenbaum,* 39 Calif., 653; *Burge v. Gandy,* 41 Neb., 149-152; *Davidson v. Murphy,* 13 Conn., 213; *Vail v. Ingelhart,* 69 Ill., 332; *Jansen v. Hyde,* 8 Colo. App., 38; *Beckett v. Cuenin,* 15 Colo., 281; *McLaughlin v. Reichenbach,* 52 Colo., 437, 127 Pac., 47.

Counsel on oral argument calls attention to the contention that a sheriff's deed is *prima facie* evidence that the provisions of the law in relation to the sale of the land therein described have been complied with. He contends, with much ability, that a decree of the court ought to possess much more vitality and probative force than a sheriff's deed reciting such decree. The trouble with counsel's argument is that the sheriff's deed, as we point out in Case No. 3561, *Empire Ranch and Cattle Company v. Gibson,* 22 Colo. App., 617, is made *prima facie* evidence that the provisions of the law in relation to the sale of land upon execution have been complied with, by a provision of our statute, providing said deed shall be in the form required by our statute. See Sections 2553 and 2555, M. A. S. Also *Bay State M. & T. Co. v. Jackson,* 27 Colo., 139. As yet our legislature has made no such provision as to court decrees.

The judgment of the trial court is affirmed.

*Affirmed.*

Decided November 11, A. D. 1912. Rehearing denied January 13, A. D. 1913.