[No. 3583.]

THE EMPIRE RANCH & CATTLE CO. v. BATTELLE.

1.  EQUITY—*Removing Cloud Upon Title—Parties.* The holder of a promissory note secured by a deed of trust of lands may sue to remove a cloud upon the title to the land.

2.  JUDGMENT—*Record as Evidence.* The record of a decree quieting the title to lands is not admissible as evidence of the title unless accompanied by the antecedent proceedings leading up to the decree.

3.  TAX TITLE—*Void Deed.* A treasurer's deed founded upon a sale to the county and an assignment of the certificate of purchase, by the county clerk, more than three years after the date of the sale, is void.

4. LIMITATIONS—*The Five Years' Statute* (Rev. Stat., sec. 5733) is no bar to a bill to remove a cloud upon the title to lands.

5. —— *The Seven Years' Statute* (Rev. Stat., sec. 4090) commenced its course, where a treasurer's deed is relied upon, with the recording of the deed.

*Appeal from Washington District Court.* HON. H. P. BURKE, Judge.

Mr. R. H. GILMORE, for appellant.

Mr. CHALKLEY A. WILSON, Mr. ASHER B. WILSON, for appellee.

KING, J., delivered the opinion of the court.

Action to remove cloud from title. From judgment in favor of plaintiff defendant appeals.

1. That the owner and holder of a promissory note secured by deed of trust on land has sufficient interest in the property to enable him to maintain a suit to remove a cloud from the title, caused by a void tax deed, is settled by the supreme court of this state in *Munson v. Marks,* 52 Colo., 553, 124 Pac., 187.

2. The county court decree purporting to quiet title in defendant, when offered by it to show title or as an estoppel, without being accompanied by the judgment roll or proceedings leading up to the decree, was not admissible in evidence, and was properly excluded.—*Terry v. Gibson,* 23 Colo. App., 273, 128 Pac., 1127; *Empire R. & C. Co. v. Coleman,* 23 Colo. App., 351, 129 Pac., 522; *McLaughlin v. Reichenbach,* 52 Colo., 437, 122 Pac., 47.

3. The tax deed relied on by defendant as paramount title, and alleged by plaintiff to constitute a cloud on his title, was issued upon an assignment by the county clerk of the certificate of purchase more than three years after the date of the tax sale, and is therefore void.—*McLaughlin v. Reichenbach, supra; Empire R. & C. Co. v. Coldren,* 51 Colo., 115, 117 Pac., 1005.

4. Neither the five-year statute of limitations pleaded, nor the seven-year statute with payment of taxes under claim and color of title, was available to the defendant under the facts shown, as this was not an action for possession of land sold for taxes, and less than seven years had elapsed after the recording of the tax deed and before the commencement of this suit.

Perceiving no error in the record the judgment is affirmed.