Morgan, J..
Appeal from a judgment in favor of plaintiff for possession of three quarter-sections of land that had been sold for taxes. All of the assignments of error herein have been determined heretofore against appellant’s contention, with, possibly, one exception, particularly, by two cases in which the opinions have just been written: Empire Ranch & Cattle Co. v. Lumelius (No. 3488), post, 49, 131 Pac., 796, and Empire Ranch & Cattle Co. v. Howell (No. 3562), post, 67, 131 Pac., 798. In this case, the defendant pleaded in its answer four decrees of a county court, quieting the defendant’s title in the property involved herein, that were offered in evidence, two of which were excluded because not accompanied by the judgment roll, and two admitted without objection. Appellant contends that, as two of these decrees were admitted without objection, were pleaded in the answer, and were not attacked in the replication, except by general denial, they should stand as evidence of title, and that the court erred in admitting evidence attacking them, and in setting them aside in its judgment.
The contention is that, the decree in each instance being pleaded, and valid on its face, the plaintiff could not, under the general denial in the replication, introduce any proof of defects in the proceedings prior to its entry. This necessarily contemplates a technical question of pleading not decided in the Lumelius case, and, so far as the investigation has been extended, in any other case decided by the supreme court or the court of appeals of this state.
We have decided, in the Lumelius case, citing Terry v. Gibson, 23 Colo. App., 273, 128 Pac., 1127, that it was not error to exclude such decrees from the evidence when not accompanied by the judgment roll; and that a district *47 court may decree that a judgment of a county court is void, even on collateral attack, if it affirmatively appears from the judgment roll that the county court judgment is void for want of jurisdiction, citing Empire Co. v. Coleman, 23 Colo. App., 351, 129 Pac., 522.
We have decided, in the Howell case, in reference to a tax deed, citing Harrison v. Hodges, 49 Colo., 105, 111 Pac., 706, that where it is not pleaded in the answer in an action of this character, the plaintiff may introduce evidence, even under a general denial in the replication, showing defects in the proceedings prior to its execution. The same rule will apply to a judgment or decree when it is offered as evidence of estoppel, or of title.
Consequently, the question presented is — was the evidence proving the invalidity of the two admitted decrees admissible under the general denial in the replication? The answer must be in the negative, under strict rules of pleading, but, applying the same strict rule, the answer should specifically plead a decree so that it may be identified, and show that the title of the parties in issue in the decree pleaded is the same title in issue in the pending case. — 2 Freeman on Judgments, §461.
The title may have been the same, but neither the answer nor the decrees themselves disclose it, and, under these conditions, it was not reversible error to permit the plaintiff to prove, under the general denial in his replication, by introducing the judgment roll, that the decrees were void. A reversal and another trial would result in the same judgment. ' .Furthermore, a mere failure of plaintiff to interpose an objection to the admission of the decrees (without the judgment roll, which would have excluded them or required the roll to be produced by the defendant) ought not to preclude the plaintiff from producing the roll, himself, even under a general denial. The technical “pound of flesh” seems to be demanded on *48 both, sides, but this court is pleased to find itself bound to disregard such demands, under the more persuasive influence of §84, Code 1908, -which provides:.
“The court shall in every stage of an action disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the parties, and no judgment shall be reversed or affected by reason of such error or defect.” •
"We are not disposed, however, to say that it was not error to hold them for naught and set them aside in this action at law, but will only say that the judgment of the lower court should be modified, in accordance herewith, as to all of said decrees, as directed in the case of Empire Ranch & Cattle Co. v. Lumelius, supra, appealed from the same court. This does not conflict with any' former opinions of this or the supreme court holding that tax deeds may be set aside under similar pleadings, because, in reference to such deeds, the courts are controlled by the peculiar provisions of §5733 Rev. St. 1908.—Empire Ranch & Cattle Co. v. Howell, 23 Colo. App., 265, 129 Pac., 247; Rustin v. M. M. & T. Co., 23 Colo., 358, 47 Pac., 302. Furthermore, in all cases brought to recover land sold for taxes, founded upon the code action of possession, and recently decided by this court, including the present case, the parties have either stipulated that the taxes and interest should be returned as provided in §5733, supra, and thus brought the cases within the scope of said section, or else the case has been tried without objection as to the pleadings, and in all respects the same as if the proceedings had been a suit in equity or to quiet title. No error is found concerning the setting aside of the tax deeds on this appeal, and the questions involved concerning the same have been heretofore determined by recent decisions of this court.
The judgment is affirmed.