King, J.,
delivered the opinion of the court.
Appellee, as plaintiff, brought this action to quiet her title to certain lands in Washington county. The defenses pleaded were, a general denial; paramount title under a treasurer’s tax deed; former adjudication quieting title in the defendant; the' seven-year statute of limitations. By her reply plaintiff alleged that the tax deed was void on its face, and that the decree purporting to quiet title in the defendant was void for want of jurisdiction.
Plaintiff deraigned title to the land in question by mesne conveyances from the United States.
1. Defendant offered in evidence a decree of the county court of said county purporting to quiet its title to said land. Objection to the admission of the same in evidence, because not accompanied by the judgment roll, was properly sustained. — McLaughlin v. Reichenbach, 52 Colo., 437, 122 Pac., 47; Empire Co. v. Coleman, 23 Colo. App., 351, 129 Pac., 522; Terry v. Gibson, 23 Colo. App., 273, 128 Pac., 1127.
'2. Defendant’s alleged tax deed was not offered in evidence. As shown by the abstract of the record, there was neither allegation, admission, nor proof of the due execution and acknowledgment of said deed, or of the record thereof. The naked admission by plaintiff of the issuance of the tax deed, coupled with an allegation of its invalidity for matters appearing upon its face, did not obviate the necessity of defendant’s offering said deed in evidence if it wished to rely upon the same as *397 proof of title. — Empire Co. v. Langley, 23 Colo. App., 49, 127 Pac., 451.
3. The first payment of taxes under the alleged claim and color of title was made after February 21st, 1901. This suit was commenced within seven years from that date. For that reason the plea of the statute of limitations was not sustained by the evidence.
For the reasons given the judgment quieting title in the plaintiff is affirmed.