[No. 3693.]

## NISBET v. CRISTLER.

1. LIMITATIONS—*Action to Quiet Title.* The provisions of section 4073 of the Revised Statutes have no application to a bill to quiet the title to lands.

2. JUDGMENT—*Record of Judgment Entry as Evidence.* The record of a decree assuming to quiet the title to lands is no evidence of title, unless accompanied by the judgment roll.

*Appeal from Washington District Court.* HON. H. P. BURKE, Judge.

Mr. R. H. GILMORE and Mr. F. L. FERRIS, for appellant.

Mr. CHALKLEY A. WILSON and Mr. ASHER B. WILSON, for appellee.

HURLBUT, J., rendered the opinion of the court.

Action in the Washington district court to quiet title to land in Washington county, instituted December 30, 1908, by appellee as plaintiff, against appellant. Complaint is in usual form, to which defendant by his answer interposes three defenses, the first of which consists of admissions and denials. The second pleads title in defendant by virtue of a tax deed recorded February 8, 1901; also that no action for the recovery of the land sold had been brought within five years, etc. The third reiterates defendant's claim of title by virtue of the tax deed aforesaid, and further pleads the seven years statute of

limitations based upon claim and color of title made in good faith, and payment of all taxes for seven successive years, section 4089, Revised Statutes, 1908. Replications filed by plaintiff formed issues upon the new matter stated in the answer. Amended answer was filed, setting up further title in defendant by virtue of a decree of the county court of Washington county, to which replication was filed. The replication denied every allegation of the amended answer, and further alleged that the so-called decree of the county court was void for the reason that the return of the sheriff on the summons did not show personal service on defendants in that case, and failed to show that service could not be made upon them; that the affidavit therein was made on information and belief; that the same did not show the postoffice address of the defendants sought to be served by publication, nor any reason for omitting such statement. Judgment was rendered in favor of plaintiff, from which judgment this appeal is prosecuted.

The record is short, and the evidence fixes the fee simple title to the premises in plaintiff. The defendant in proof of his pleaded title offered in evidence the tax deed above mentioned, to which plaintiff objected upon the ground that the deed was void on its face, because it shows an assignment of the tax sale certificate by the county clerk more than three years after the sale. The objection was sustained. Defendant then offered in evidence the county court decree, which purported to fix title to the disputed premises in one Henry G. Hay, from whom defendant deraigned title. It was stipulated that whatever title the tax deed conveyed or the decree established was vested in defendant.

It is stated in appellant's brief that but two questions need be considered on this appeal, first, was the action barred by the statute of limitations; second, did the court err in sustaining the objection to the county court

decree? We will give no consideration to any assignments of error other than those relative to the questions just mentioned. As to the first, concerning the statute of limitations, appellant contends that the action is barred by reason of sec. 4073, Revised Statutes, 1908, which reads as follows:

"Bills of relief, in case of the existence of a trust not cognizant by the courts of common law, in all cases not herein provided for, shall be filed within five years after the cause thereof shall accrue and not thereafter."

This statute is usually spoken of by the profession as the "equity five years statute of limitations," and its construction and application have been before the supreme court, as well as this court, several times, and they have definitely decided that the statute is not applicable to cases of this kind.—*Morgan, Admr., et al. v. King,* 27 Colo., 539, 63 Pac., 416; *Ballard v. Golob et al.,* 34 Colo., 417, 83 Pac., 376; *Munson v. Marks,* 52 Colo., 553, 124 Pac., 187; *Terry v. Gibson,* 23 Colo. App., 273, 128 Pac., 1127; *Empire R. & C. Co. v. Irwin,* 23 Colo. App., 206, 28 Pac., 867; *Wells v. Brown,* 23 Colo. App., 190, 128 Pac., 869. From these decisions it will be seen that plaintiff's contention is untenable.

The second objection to the judgment, viz., that the trial court erred in excluding the county court decree from evidence, is equally untenable. Appellant's counsel has ably and at great length discussed this proposition, but unfortunately for him our supreme court, as well as this court, has determined that question adversely to the views contended for by him.—*McLaughlin v. Reichenbach,* 52 Colo., 437, 122 Pac., 47; *Terry v. Gibson, supra; Empire R. & C. Co. v. Coleman,* 23 Colo. App., 351, 129 Pac., 522. The record shows that defendant pleaded this county court decree as vesting in him, through *mesne* conveyances, absolute title to the premises in dispute; that he relied upon the same to establish his title and offered it

in evidence for that purpose. It was relied upon as an estoppel and as an adjudication relative to the title of the premises in dispute, and is claimed to be binding upon plaintiff. At the time he offered the decree defendant did not accompany it with the judgment roll, nor did he offer the judgment roll at any other time during the trial. This fact affirmatively shows that if, in excluding the decree from evidence, the court erred, it did not in any way prejudice defendant's rights, for if the decree had been received in evidence, unaccompanied by the judgment roll, it would not have established title in defendant or his grantors as against that of plaintiff. As suggested by Judge Cunningham in *Terry v. Gibson, supra,* the trial court might, and probably should, have admitted the decree when offered, for what it was worth, with leave to plaintiff to strike, if the same should not thereafter have been accompanied by the judgment roll. It should not be overlooked that the replication not only denied the existence of the decree, but pleaded that the same was void because of defects in the service of summons, and because the affidavit for publication was fatally defective in not reciting the postoffice address of defendants, or that the same was unknown.

Perceiving no reversible error in the record, the judgment is affirmed.

*Judgment Affirmed.*