[No. 3768.]

### EMPIRE RANCH AND CATTLE CO. v. WELDON.

1. TAX TITLES—*Void Deed.* A treasurer's deed reciting a sale to the county upon the day on which the land was first offered is void. (112)

So a deed which recites a sale to the county, and an assignment of the certificate of purchase by the county clerk, more than three years after the date of the sale. (112)

2.—— *Tender of Taxes,* paid by one claiming under a tax sale, is not required as a condition precedent to a bill by the paramount owner to quiet his title. (113)

3. JUDGMENT—*Record as Evidence.* The mere record entry of a decree quieting title, without the judgment roll, is not to be received as evidence of title. (113)

4. LIMITATIONS—*Void Deed.* A deed void upon its face does not set in motion the five years' statute of limitations (Rev. Stat. sec. 5733). (113)

5. —— *Payment of Taxes.* Only taxes falling due subsequent to the issue of a tax deed which is relied upon as color of title, are to be counted, under Rev. Stat. sec. 4090. (113)

*Appeal from Washington District Court.* HON H. P. BURKE, Judge.

MR. R. H. GILMORE for appellant.

MESSRS. DANA & BLOUNT for appellee.

BELL, J.

This action was brought July 10th, 1908, under section 255 Mills' Ann. Code, for the purpose of quieting the title in

the plaintiff, appellee herein, Minnie E. Weldon, to the N. W. ¼, Sec. 8, Tp. 5 S., R. 50 W. of the 6th P. M., in Washington County, Colorado. The plaintiff, in her complaint, alleges that the defendant, The Empire Ranch & Cattle Company, claims some interest or estate in said land adverse to her, but which, she avers, is inferior to her title.

The appellant answered, denying the material allegations of the complaint as its first defense. As a second defense, it avers that on the 31st day of January, 1901, the County Treasurer executed and delivered to it a treasurer's tax deed to said land, which it filed for record February 13th, 1901; for a third defense, it alleges that the title to the premises was quieted in it by a judgment of the County Court of Arapahoe County in 1905; for a fourth defense, it sets up the five-year statute of limitation; for a fifth defense, it avers the land to be vacant and unoccupied, and that it has held the same under color of title made in good faith, and paid all taxes thereon for seven successive years; for a sixth defense, it avers that appellee failed to pay or offer to pay the taxes prior to the commencement of the suit; and for a seventh defense, it alleges the *laches* of appellee in the commencement of her action.

There is no record of any further pleading contained in the abstract. The plaintiff deraigned title from the government of the United States. The appellant, in support of its answer, offered in evidence the tax deed, which was excluded because it was urged that the land was sold to the county the first time it was offered for sale, and because the certificate of purchase was assigned by the clerk more than three years after the date of its issuance.

The deed is clearly void upon its face for both of the reasons assigned. In *Johnson v. Gibson,* 24 Colo. App. 392, 133 Pac. 1052, it is held, in common with numerous other cases, that a certificate of purchase assigned by a County Clerk more than three years after the date of the sale is void; and in *Bryant v. Miller,* 48 Colo. 192-194, 109 Pac. 959, it is

held that, where a tax deed does not show that the land was offered and re-offered for sale by the Treasurer as provided by law, the same is void.

A certified copy of the decree of the County Court, purporting to quiet the title to the premises in the appellant, unaccompanied by the judgment roll, was excluded under proper objection. Under the authority of *The Empire Ranch & Cattle Co. v. Battelle*, 24 Colo. App. 375, 133 Pac. 1123, the trial court's ruling in this respect was without error.

The tax deed offered in evidence, being void upon its face, did not set in operation the five-year statute of limitation, and, therefore, appellant's fourth defense failed for want of proof: *Empire Ranch & Cattle Company v. Howell*, 24 Colo. App. 417-420, 133 Pac. 1124; *Gomer v. Chaffee*, 6 Colo. 314-317.

The first taxes due after the date of the tax deed were in January, 1902, which would make seven successive years' payment of taxes prior to the commencement of the action, July 10th, 1908, impossible, and, therefore, under the offer of the appellant, its fifth defense could not have been proven.

The sixth defense, averring the failure of appellee to tender the payment of taxes before suit brought, and the seventh defense of *laches* are wholly untenable.

Many technical objections arose during the introduction of the evidence to which exceptions were preserved, but we find none that, under the condition of the record, would justify us in disturbing the judgment of the trial court, and, therefore, it is affirmed.

*Affirmed.*