[No. 3968.]

GIBSON v. STAGHORN CATTLE COMPANY ET AL.

1. NAMES—*Idem Sonans.* Newberry and Nuberry are *idem sonans.* (149)

2. JUDGMENT—*Pleading—Jurisdiction.* Even in alleging the judgment of a court of special jurisdiction the pleader is not required to state the facts which gave jurisdiction of the person. (Code sec. 71.) (150)

3. —— *Judgment Roll to Disprove Jurisdiction.* Where, in pleading a judgment the facts which conferred jurisdiction of the person are expressly alleged, *e. g.* that the defendant was "duly and legally summoned," the opposing party may under a general denial, disprove this allegation by introducing the judgment roll. (149)

*Error to Kiowa District Court.* HON. C. S. ESSEX, Judge.

MR. JOHN F. MAIL for plaintiff in error.

MR. JOHN H. VOORHEES for defendant in error.

MORGAN, J.

Writ of error by the plaintiff in the lower court to reverse a judgment against him in his suit to quiet title to real property, filed October 26, 1910. All defendants except Christy filed a disclaimer; he filed a general denial and pleaded the seven years' statute of limitations concerning unoccupied lands, sec. 4090, Rev. St. 1908, and also a decree of the Kiowa District Court quieting the title in his grantor against certain defendants, among whom was plaintiff's immediate grantor. Replication by general denial. Plaintiff proved title in himself. Defendant introduced a tax deed as color of title, but failed to show payment of taxes for seven successive years.

He then introduced the decree, which was admitted over plaintiff's objections that it was not accompanied by the judgment roll, and that the defendant, plaintiff's immediate grantor, Newberry, was not a party because his name appears in the decree as Nuberry. The difference in the spelling of the name did not change the sound and was too infinitesimal to warrant the objection. As to the other ground, it is contended by the defendant in his brief and argument in this court, that, where a plea of a judgment is met by general denial, only, the judgment roll need not accompany the decree.

The plaintiff offered the judgment roll in evidence and the defendant objected to it because it was inadmissible under a general denial, and the objection was sustained. The roll so offered shows the decree invalid because of a defective affidavit of publication. It appears, therefore, that judgment has been obtained in this case based upon a void decree, and, the law and substantial justice demand that such judgment be reversed.

It has been repeatedly held by this court and the Supreme Court, from *Jansen v. Hyde*, 8 Colo. App. 38, 44 Pac. 760, to the latest announcement in *King v. Foster*, No. 3966, of this court, *ante* 120, 140 Pac. 930, and particularly in *McLaughlin v. Reichenbach*, 52 Colo. 437, 122 Pac. 47, that a judgment, when offered and "relied upon as an estoppel, as an adjudication upon the subject matter, or as establishing any particular state of facts of which it is the judicial result, can be proved only by offering in evidence a complete record, or a duly authenticated copy, of the entire proceedings in which the judgment was rendered." As to the particular contention, however, that this rule does not apply when the plea of the judgment is met by general denial, only, it is not an absolute necessity that such question be specifically determined, here, for the reason that the pleader in this case, in pleading the decree, stated that the "defendants were duly and legally summoned." Under the general rule as to pleading a judgment of a court of general

jurisdiction, and under the statute as to pleading a judgment of a court of special jurisdiction, (Sec. 71, Civil Code, Rev. St. 1908), it was not necessary for the pleader to state any facts conferring jurisdiction.—23 *Cyc.* 1527. But where the pleader goes farther and specifically states such facts, the opposing party may, under a general denial, disprove such allegation. Pomeroy's Rem. 2nd Ed., Sec. 630. Therefore, it was error for the lower court to prevent the plaintiff under his general denial, from introducing the judgment roll, which disclosed that the defendants were not duly and legally summoned, and thereby directly disproving such statement in the plea, and proving the decree to be void. The case must be reversed for this error, which obviates the necessity of specifically deciding the other point raised.

*Judgment Reversed.*