### No. 10,322.

### HAMMITT, ET AL. *v.* PORTER, ET AL.

Decided June 5, 1922.   Motion to modify opinion denied July 3, 1922.

Action on judgment of a foreign state.    Judgment for plaintiffs.

### *Reversed.*

### *On Application for Supersedeas.*

1.  EVIDENCE—*Court Records—Authentication.*   An exemplified copy of a journal entry of a foreign state court is inadmissible in evidence in the courts of this state where the certificate of the judge omits the statement that the clerk's certificate is in due form, in compliance with section 393, code of 1908.

2.  *Judgment Roll.*   In an action on a judgment of a foreign state an exemplified copy of the judgment, to be admissible in evidence, should be accompanied by the judgment roll, i. e., the record proper up to the judgment.

3.  PLEADING—*Failure to Reply—Admission.*   Pleadings reviewed and held, that the allegation in the answer of want of service or appearance, was a plea in confession and avoidance, and was admitted by failure to reply.

*Error to the County Court of Kiowa County, Hon. W. V. McMullen, Judge.*

Mr. JAMES T. LOCKE, for plaintiffs in error.

Mr. R. C. POSTLETHWAITE, Mr. W. M. GLENN, for defendants in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE defendants in error recovered judgment in the county court of Kiowa county, against plaintiffs in error upon a judgment of the district court of Greeley county, Kansas.

At the trial the plaintiffs offered in evidence an exemplified copy of the journal entry of the Kansas judgment. The defendants objected to the copy on the ground:˙ First, that it was not certified and attested according to law, especially that the certificate of the judge did not state that the attestation was in due form; second, that it was not accompanied by the judgment roll; third, that the complaint and other pleadings showed the court to have been without jurisdiction of the person of the defendants. The objections were overruled.

The certificate of the judge omits the statement that the clerk's certificate is in due form. When plaintiffs rested, the defendants moved for judgment but offered no evidence and the court rendered judgment for the plaintiffs.

In this court, on motion for supersedeas, the plaintiffs in error make the three objections noted above.

Upon the first and second points the authorities are with plaintiffs in error. The requirement of U. S. Rev. Stat. 1878, § 905, followed by the Colorado Code 1908, § 393, is for a certificate of the judge that the clerk's certificate is in due form. *Craig v. Brown,* 6 Fed. Cas. No. 3,328; *Chapman v. Chapman,* 74 Neb. 388, 104 N. W. 880, and other cases cited in 22 C. J. 846. And it is necessary that the judgment roll, i. e. the record proper up to the judgment, should be presented with the judgment itself. *McLaughlin*

*v. Reichenbach,* 52 Colo. 437, 438, 122 Pac. 47; 22 C. J. 815.

Upon the third point also plaintiffs in error are right. In the amendment to the complaint plaintiffs alleged the appearance of defendants below by attorney. Defendants answered alleging want of jurisdiction over their persons, lack of service and of appearance, which were undenied by replication.

The allegation in the complaint of appearance by defendants in the Kansas case was unnecessary, (Code 1908 § 71), and anticipated the defense of want of jurisdiction and, so was a nullity. *Brooks v. Bates,* 7 Colo. 576, 4 Pac. 1069; *Swanson Theater Co. v. Pueblo Opera Block Inv. Co.,* 70 Colo. 83, 197 Pac. 762; *Canfield v. Tobias,* 21 Cal. 349; *Bulova v. Barnett,* 181 N. Y. Supp. 247.

The allegation in the answer of want of service or appearance was a plea in confession and avoidance and was admitted by failure to reply. Though this allegation was a negation of allegations in the complaint, yet because those allegations were in anticipation of the defense they must be disregarded.

We deem it just to reverse this case now, because, if their evidence is procurable it will hasten plaintiff's final judgment, if not it can harm neither party.

Supersedeas denied; judgment reversed and cause remanded.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT and MR. JUSTICE WHITFORD concur.