No. 18,886.

SUPERIOR DISTRIBUTING CORPORATION *v.*
FRANK L. HARGROVE, ET AL.
(355 P. [2d] 312)

Decided September 19, 1960.

Miss ALICE LOVELAND, for plaintiff in error.

Mr. W. DAVID McCLAIN, Mr. EDWIN A. WILLIAMS, for defendants in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

IN the trial court the defendants in error were plaintiffs and attempted to prove a foreign judgment by the introduction of various certified copies of papers ostensibly in the Court of Common Pleas of the state of Oklahoma. One of the documents introduced was not even so certified, but was a photostat. The others contained the following notation:

"I hereby certify that the above instrument is a true

and correct copy of the original now on file in my office.

"Dated this 9 day of September 1958

"SAMUEL W. FRY—By /s/ John A. Malcolm
   Clerk                   Deputy"

Over objection the court received these papers in evidence, and, in reliance thereon, entered judgment in favor of the plaintiffs at the close of plaintiffs' case. The question then is:

*Were these certified copies such as to comply with R.C.P. 44 (a)?*

The question is answered in the negative.

The rule provides:

"An official record or an entry therein, when admissible for any purpose, may be evidenced by an official publication thereof, or by a copy attested by the officer having the legal custody of the record or his deputy, and accompanied with a certificate that such officer has the custody. If the office in which the record is kept is within the United States or within a territory or possession subject to the dominion of the United States, the certificate may be made by a judge of a court of record of the district or political subdivision in which the record is kept, authenticated by the seal of the court, or may be made by any public officer having a seal of office and having official duties in the district or political subdivision in which the record is kept, authenticated by the seal of his office. * * * "

■ There is a difference between a certified copy of a record and one made according to the rule. The rule is plain and is in full force and effect. It was not followed.

The court erred in the first instance in admitting these documents in evidence. Had it ruled properly thereon, plaintiffs might have been able to prove the judgment through other methods as provided in R.C.P. 44 (c):

"This rule does not prevent the proof of official records or of entry or lack of entry therein by any method

authorized by any applicable statute or by the rules of evidence at common law."

Plaintiffs then rested, and the court entered an erroneous judgment on evidence that was not properly before it. The judgment, therefore, must be and is reversed and the cause remanded for a new trial.

MR. JUSTICE KNAUSS dissents to the remand.