No. 19,979.

R. W. WALKER *v.* CALADA MATERIALS COMPANY.
(375 P. [2d] 679)

Decided October 8, 1962.   Rehearing denied November 19, 1962.

Mr. GEORGE J. FRANCIS, for plaintiff in error.

Messrs. TILLEY & SKELTON, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MCWILLIAMS.

THOUGH the record in this case is somewhat garbled and tends to be rather unclear, it is nevertheless believed to establish the following:

(1) Calada Materials Company, a corporation hereinafter referred to as Calada, filed a complaint in the district court of Lincoln County against R. W. Walker and M. H. Collins, individually and doing business as a partnership under the firm name and style of Collins & Walker (Collins was never served with process), alleging inter alia, that on November 19, 1958, it obtained a judgment in the Superior Court in and for the County of Los Angeles, State of California, against these defendants in the principal sum of $11,133.49, together with interest to the date of the judgment in the additional sum of $2,143.30, and for its costs.

(2) By answer Walker denied that any judgment had theretofore been entered by the Superior Court in Los Angeles, State of California, against him and in favor of Calada and alleged that the California Court had no jurisdiction over the subject matter and that no personal service of the complaint and summons was ever made upon him. He further averred that the "alleged judgment" of the California court was obtained through the use of fraud in that shortly prior to the date set for trial Calada and Walker entered into a compromise settlement agreement and that he (Walker) relied on this agreement by excusing his witnesses and suffered resultant damage when Calada later reneged on the settlement agreement and proceeded to trial on the date theretofore set for the trial of the matter.

(3) In his answer Walker also made a demand for trial by jury.

(4) About two weeks prior to the date set for trial of the instant matter Calada filed a motion to strike Walker's demand for trial by jury, a motion for a pretrial conference, and a motion for summary judgment.

(5) In its motion for summary judgment Calada averred that there was "no genuine issue as to any material fact in the case" and attached to the motion a "copy of the certified California judgment."

(6) Walker thereafter filed an affidavit in opposition to this motion for summary judgment, stating that the "alleged judgment attached to the motion for summary judgment is insufficient" and denying that he ever "authorized one Poppler [a California attorney] to appear on his behalf individually" in any of the California proceedings.

The unclearness in the record adverted to above begins to manifest itself noticeably in the transcript of the proceedings which occurred on the date set for trial of the matter. Calada announced it was ready for trial, but counsel for Walker moved for a continuance on the grounds of the illness of counsel. Calada suggested that a consideration of its request for a pre-trial conference and its motion for summary judgment might eliminate most, if indeed not all, of the supposed issues in the case. The trial court apparently agreed with this suggestion, although immediately thereafter Calada over objection was permitted to call as its witnesses one Johnson, who was Calada's attorney in the California proceeding, and one Christensen, the secretary-treasurer for Calada, each of whom was thoroughly examined upon extensive direct and cross-examination. This was done on the grounds of convenience for these two witnesses and to obviate the necessity of a second trip from California on their part for the purpose of testifying in the instant case. Somewhere during the course of this hearing the trial court struck Walker's demand for trial by jury.

At the conclusion of this hearing the trial judge continued the matter for about two weeks "for final hearing and argument . . . at which time either of the parties may present any further testimony or proof that they desire to present." In response to the inquiry by counsel for Walker as to whether "this is the trial proper" the court replied: "I think so." Later, however, it was apparently agreed that the first order of business at this second hearing would be disposition of Calada's motion for summary judgment. In any event at the second hearing the trial court without comment or explanation granted Calada's motion for summary judgment and dispensed with a motion for a rehearing or new trial.

By writ of error Walker seeks reversal of the judgment, and in support thereof suggests that the trial court committed several errors both of a substantive and procedural nature. As we view the case Walker is correct, and in disposing of the matter we need only consider his first assignment of error.

■ Walker contends that the trial court erred in considering an exemplified copy of the California judgment inasmuch as it was unaccompanied by an exemplified copy of the judgment roll proper. In other words he argues that having placed in issue the jurisdiction of the California court both as to subject matter and as to his person, in order for Calada to thereafter successfully maintain an action on its foreign judgment, be it by trial or summary judgment, it must introduce in evidence, inter alia, not merely the "judgment" from the foreign state, but the entire "judgment roll." In support of this contention Walker cites *Hammitt v. Porter,* 71 Colo. 511, 208 Pac. 452, wherein it was stated that in an action on a judgment of a foreign state an exemplified copy of the judgment, to be admissible in evidence, should be accompanied by the judgment roll, i.e. "the record proper up to the time of judgment," and *Jansen v. Hyde,* 8 Colo. App. 38, 44 Pac. 760, where it is stated

576

that a foreign judgment is dependent for its effect and validity upon the record which precedes it. For a somewhat more definitive statement as to just what papers constitute the "judgment roll," see *Terry v. Gibson,* 23 Colo. App. 273, 128 Pac. 1128, where it was stated:

" . . . It is not necessary for us to go into the perplexing question of just what papers constitute the judgment record, or, as it is more frequently denominated, the judgment roll; the authorities are in hopeless confusion on this subject. But all the cases agree that the complaint, the summons, and most of them the return upon the summons, the affidavit for publication where constructive service is made, and papers of that sort, constitute a part of the judgment roll . . ."

■ Calada in effect concedes that such *was* the rule in Colorado prior to the adoption in 1941 of the Rules of Civil Procedure, but claims that this requirement has been changed by Rule 44 (a) R.C.P. Colo. In this regard Calada is mistaken. Rule 44 (a) R.C.P. Colo. tells *how* an official record, be it one kept in or out of Colorado, may be evidenced, but does not purport to prescribe *what* must be established in order to prevail in an action based on a foreign judgment. Accordingly, the summary judgment entered in favor of Calada was improvident and erroneous and it is therefore reversed. See in this same general connection *McLaughlin v. Reichenbach,* 52 Colo. 437, 122 Pac. 47; *Superior Distributing Corporation v. Hargrove,* 144 Colo. 115, 355 P. (2d) 312, and *Superior Distributing Co. v. White,* 146 Colo. 595, 362 P. (2d) 196.

In view of the tangled state of the record this cause is remanded with directions that Calada be granted reasonable opportunity to amend its complaint, if it desire to do so; that Walker in turn be given the opportunity, if so advised, to amend his answer and renew his demand for trial by jury; that if Calada thereafter objects to trial by jury such objection shall be heard before any

trial of the matter; and that the matter thereafter proceed to ultimate determination, whether by trial or otherwise, in an orderly manner.

MR. CHIEF JUSTICE DAY and MR. JUSTICE FRANTZ concur.