No. 19,146.

SUPERIOR DISTRIBUTING CORPORATION, ET AL.
*v.* J. C. WHITE.
(362 P. [2d] 196)

Decided May 29, 1961.

Miss ALICE LOVELAND, Mr. THOMAS K. HUDSON, for plaintiffs in error.

Messrs. SMITH, PYLE, JOHNSON & MAKRIS, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE SUTTON.

THE parties appear here in reverse order of their appearance in the trial court and will be referred to as they there appeared or by name.

J. C. White, a resident of the State of Mississippi, filed his complaint in the Denver District Court against the Superior Distributing Corporation, Glen Mercer, Thomas Hudson and Horace Sullivan as defendants. His action was based upon a foreign judgment.

White alleged that on June 20, 1957, the Circuit Court of Lauderdale County, Mississippi, rendered a final judgment in personam in his favor against the defendants, Superior Distributing Corporation, a Colorado corporation, and Glen Mercer, Horace Sullivan and Thomas

Hudson, trading as Superior Manufacturing Company, jointly and severally; that the judgment was duly given in due form of law in the sum of $2,990.00 and costs; that the Circuit Court was a court of general jurisdiction and its judgment was a valid and subsisting final judgment in full force and effect at the time of the filing of the complaint, and that it could be enforced in Mississippi by final process.

A duly attested and authenticated judgment roll was filed with the complaint and judgment prayed against the defendants jointly and severally in the amount of $2,990.00, interest and costs.

No service was had on Horace Sullivan in the Colorado action.

The defendants Mercer and Hudson filed separate answers containing a general denial and pleading lack of jurisdiction of the Mississippi court over their persons. Two weeks before trial, over the objection of the plaintiff, the defendants amended their answers to allege that White had procured his judgment by fraud, and that neither of the defendants had appeared in that action nor authorized anyone to appear on their behalf.

White was permitted to file a reply showing by duly authenticated statutes the jurisdiction of the Mississippi court with reference to judgments and appeals, and alleged that a general appearance was made by the defendants in the Mississippi court by their attorneys appearing for the purpose of quashing the complaint for lack of jurisdiction; that their motions to quash being denied they failed to answer to the declaration, hence are estopped to question the jurisdiction of the Mississippi court.

Trial resulted in a judgment for the plaintiff for the amount prayed with interest and costs. Motions for a new trial were dispensed with and the defendants are here by writ of error seeking reversal. The plaintiff assigns cross error on the court's refusal to award costs

**598**

in the amount of $25.30 incurred in taking the deposition of the Mississippi trial judge.

Defendants urge four grounds for reversal, that:

(1) The judgment of the Circuit Court of Lauderdale County, Mississippi, is not a final judgment;

(2) The trial court erred in holding that the Mississippi judgment could not be collaterally attacked;

(3) The judgment of the Mississippi court is not against the persons named defendants in the Colorado action;

(4) The Colorado Rules of Civil Procedure have been ignored by the plaintiff.

## I.

Defendants urge that the judgment of the Mississippi court was interlocutory only and incapable of enforcement under the laws of that state. They further assert that the burden of establishing the enforcibility of a foreign judgment is upon the plaintiff and it was error to permit him to supply the defect *dehors* the record.

Under Rule 9 (e), R.C.P. Colo., the party pleading a foreign judgment must establish all jurisdictional facts when denial of jurisdiction is made with particularity by the opponent.

Defendants' point here is that there is a lack of a "writ of inquiry" — which they allege to be a necessary step in the determination of damages in Mississippi. We dispose of this contention by referring to the exemplified record of the Mississippi court where under the heading "Final Judgment" it is stated: " * * * The court finds further that this court has authority and jurisdiction at this time and upon proper *writ of inquiry* the court fixes plaintiff's damages at $2,990.00." (Emphasis supplied.)

It thus appears upon the face of the judgment that the writ of inquiry did issue and that White complied with the requirements of Rule 9 (e).

## II.

It is claimed that the trial court erred in holding that ·

the Mississippi judgment could not be collaterally attacked upon defendants' plea of lack of jurisdiction of that court over their persons.

It appears from the exemplified record of the Mississippi court that service of process was had upon the secretary of state of Mississippi who in turn notified the defendants then located or residing in Colorado of such service. The Mississippi statute (Sec. 1547, Vol. 2, Recompiled Mississippi Code, 1942, Annotated) provides for such service " * * * in all actions sounding in damages * * *." The defendants retained counsel and through them entered a special appearance for the purpose of quashing the service and dismissing the action. The trial judge, after hearing defendants' grounds and arguments in support of the motions to quash and dismiss the service, ruled against defendants, giving them time to plead and defend. Nothing more was done by the defendants and the court proceeded to judgment for the plaintiff. No attempt to set aside the judgment or to appeal was made in Mississippi.

Defendants urge that by entering only a special appearance in Mississippi the court there could not, by overruling their challenge to the service of process, treat them as having entered a general appearance.

The answer to this contention is that defendants had the option of declining to appear at all in the Mississippi proceedings, but having done so they were bound to pursue the remedies available through the highest court of the state, and failure to do so precludes them in this action.

What defendants overlook is that the Mississippi court determined on a question of fact at a proper hearing, where defendants specially appeared, that defendants were doing business in Mississippi and that the service then had upon them was in conformity with Mississippi law.

The question of the effect to be given an adjudication by a court that possesses apparent jurisdiction in a case,

when the judgment of that court is subsequently subjected to collateral attack on jurisdictional grounds, is not clearcut in this state. The matter, however, has been given consideration by the Supreme Court of the United States over a period of many years. Insofar as cases originating in the federal courts are concerned, the rule has evolved that the doctrine of *res judicata* applies to adjudications of the person or of the subject matter where such adjudications have been made in proceedings in which those questions were in issue and in which the parties were given full opportunity to litigate. *Baldin v. Iowa State Traveling Men's Association* (1931), 283 U.S. 522, 51 S. Ct. 81, 75 L.E. 1244; *Stoll v. Gottieb* (1938), 305 U.S. 165, 59 S. Ct. 134, 83 L.E. 431.

The United States Supreme Court has also held that the doctrine of *res judicata* must be applied to questions of jurisdiction in cases arising in state courts involving application of the full faith and credit clause where under the law of the state in which the original judgment was rendered such adjudications are not susceptible to collateral attack. *American Surety Co. v. Baldwin* (1932), 287 U.S. 156, 53 S. Ct. 231, 77 L.E. 231; *Davis v. Davis* (1938), 305 U.S. 32, 57 S. Ct. 775, 83 L.E. 26; *Sherrer v. Sherrer* (1947), 334 U.S. 343, 68 S. Ct. 1087, 92 L.E. 1429.

In *Baldwin,* supra, the court said:

"The special appearance gives point to the fact that the respondent entered the Missouri court for the very purpose of litigating the question of jurisdiction over its person. It had the election not to appear at all. If, in the absence of appearance, the court had proceeded to judgment, and the present suit had been brought thereon, the respondent could have raised and tried out the issue in the present action because it would have never had its day in court with respect to jurisdiction. (Citing many cases.) * * * It had the right to appeal from the decision of the Missouri District Court * * *. It elected to follow neither of those courses, but after having been defeated

upon full hearing in its contention as to jurisdiction, it took no further steps and the judgment in question resulted.

"Public policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest; that matters once tried shall be forever settled as between the parties. We see no reason why the doctrine should not apply in every case where one voluntarily appears, presents his case and is fully heard, why he should not, in the absence of fraud, be thereafter concluded by the judgment of the tribunal to which he submitted his cause."

■ The defendants also alleged fraud in the procurement of the Mississippi judgment. Under the circumstances this defense is not available to defendants in this proceeding. See *Beale, The Conflict of Laws* (1935), Vol. 2, §440.4, where it is said:

"The fraud which will be available to a defendant in his attack upon a foreign judgment, in the main, is fraud which has deprived him of the opportunity to make a full and fair defense. There are many varieties of such fraud. Thus, where the defendant failed to present his case because the plaintiff agreed to drop the suit or to compromise the case, or notified the defendant that the proceeding had been dismissed, or by any other agreement or promise lulled the defendant into a false security, the judgment may be attacked by the defendant."

The very jurisdictional facts alleged as fraud here were those heard and decided by the Mississippi court. No good reason appears why defendants should be permitted to relitigate this matter, they having had their day in court thereon. *Baldwin,* supra.

### III.

■ On the question as to whether the Mississippi judgment is against the same persons named in the Colorado action we find no merit in defendants' position. True the caption of the Colorado action failed to add the words "trading as Superior Manufacturing Company"

after the individuals' names as in the Mississippi action. However, that court's judgment was against all of the named defendants "jointly and severally," and Mercer and Hudson cannot validly complain that they are the ones who may be made to pay.

### IV.

Finally, defendants urge numerous instances in which it is claimed White violated the Rules of Civil Procedure and otherwise improperly tried his case. Action on these matters was within the sound discretion of the trial court, and there is no merit to defendants' contentions.

### V.

■ Plaintiff assigns as cross-error the order of the trial court denying his motion to assess deposition costs incurred and allegedly made necessary by the defendants' refusal to admit certain facts set forth in requests for admissions.

He urges that under Rule 37 (c), R.C.P. Colo., the trial court must order costs to be paid in such circumstances unless it finds that there were good reasons for the refusal to admit or unless the admissions requested were of no substantial importance. It is claimed that no good reasons were given for denying the facts in question and that such facts were clearly of substantial importance to plaintiff's cause.

The awarding of costs is within the sound discretion of the trial court. *Willoughby v. Willoughby* (1922), 71 Colo. 356, 206 Pac. 792. Under Rule 37 (c), R.C.P. Colo., such costs are awarded only upon proper finding of the requirements by the trial court. No abuse of discretion appears here, hence the denial cannot be disturbed.

We conclude that the trial court was justified in recognizing the Mississippi judgment as a valid and subsisting judgment, entitled to full faith and credit, and in entering judgment thereon no error was committed.

The judgment is affirmed.

MR. CHIEF JUSTICE HALL and MR. JUSTICE DOYLE concur.