G. EUGENE WATTS, Plaintiff-Appellant, *v.* BARRETT INDUSTRIES CORPORATION, Defendant-Appellee.

First District (4th Division)   No. 77-1041

Opinion filed April 27, 1978.

1010

George L. Lalich, of Chicago, for appellant.

Thomas C. O'Brien, of Chicago, for appellee.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from the circuit court of Cook County. The trial court dismissed plaintiff's action for registration of a foreign judgment and quashed garnishment proceedings against the defendant. The plaintiff appeals from the decision of the trial court.

The sole issue presented for review is whether or not the trial court erred in determining the Virginia court did not have jurisdiction to enter a judgment against the defendant.

The facts of the case are the plaintiff instituted an action for damages in the circuit court of Augusta County, Virginia, against the defendant, an Illinois corporation. The defendant did not have a registered agent in Virginia, nor was the defendant authorized to do business in Virginia, under the applicable Virginia statutes. The defendant did not appear or answer and the circuit court of Augusta County entered a judgment against the defendant in the amount of $21,036.25. Subsequent to that judgment, the defendant did appear by counsel and attempt to have the judgment vacated. After a hearing on the motion to vacate, the trial court in Virginia denied the motion to vacate. The defendant did not appeal from that decision of the trial court. The plaintiff then filed, in the circuit court of Cook County, a petition for the registration of the foreign judgment, pursuant to Illinois law (Ill. Rev. Stat. 1975, ch. 77, pars. 88 through 105). The plaintiff also instituted garnishment proceedings against the defendant under sections 1(c) and 6 of the Uniform Enforcement of Judgments Act (Ill. Rev. Stat. 1975, ch. 77, pars. 88(c) and 93). After a hearing at which no witnesses or evidence were presented, the

trial court granted defendant's motion to dismiss and quashed the garnishment proceedings.

■■■ The defendant argues the trial court was correct in dismissing the action because the trial court in Virginia did not have jurisdiction to enter the judgment against the defendant. The defendant does not deny doing business in Virginia, nor does the defendant deny the material allegations of the complaint. The defendant's sole question is whether or not the Virginia court had personal jurisdiction over the defendant. The question of jurisdiction when a foreign judgment is brought to the Illinois courts to be registered, is a matter open to inquiry by the trial court. There is, however, a presumption as to the validity of the judgment and it is up to the defendant to rebut this presumption. (*Milliken v. Meyer* (1940), 311 U.S. 457, 85 L. Ed. 278, 61 S. Ct. 339.) In the instant case the defendant cannot deny under the applicable laws of the State of Virginia, service of process was had upon the State Corporation Commission, as the agent for the defendant. This process is provided for under Virginia Code Annotated, section 8—60, where the defendant corporation is not authorized to do business in Virginia, does not maintain an office or registered agent in Virginia, and generally is not to be found in the jurisdiction. The defendant did not plead in the trial court in Illinois nor in this court, that he did not know of the allegations of the plaintiff.

The defendant asserts that as the Virginia court did not have personal jurisdiction over him the judgment is invalid and cannot be enforced by the Illinois courts. This contention ignores both the Virginia statutes and the unrefuted fact of Illinois having the same provisions as Virginia in section 17 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 17).

It is clear from the facts of this case the Virginia court properly found it had jurisdiction of the defendant and the judgment of the Virginia trial court is entitled to full faith and credit in the Illinois courts, pursuant to article IV, section 1 of the United States Constitution.

Accordingly, for the reasons contained herein, the judgment of the circuit court of Cook County is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

JOHNSON, P. J., and ROMITI, J., concur.