629 P.2d 551

Marvin X. SIEGEL, C.P.S., P.C., an
Illinois professional corporation,
Plaintiff/Appellee,

v.

TUCSON BEECHCRAFT, INC., a foreign
corporation and Kenneth H. Hill, indi-
vidually and as President of Tucson
Beechcraft, Inc., Defendants/Appel-
lants.

No. 2 CA–CIV 3736.

Court of Appeals of Arizona,
Division 2.

March 18, 1981.

Rehearing Denied April 29, 1981.

Whitehill, Berger, Karp & West, P.C. by
Charles H. Whitehill and Gerald T. Barton,
Tucson, for plaintiff/appellee.

Rawlins, Ellis, Burrus & Kiewit by James
W. Hill, Phoenix, for defendants/appel-
lants.

OPINION

HOWARD, Judge.

The issue in this case is whether an Illi-
nois judgment is entitled to full faith and
credit in the Arizona courts. We hold that
it is and affirm.

Appellee, an Illinois professional corpora-
tion, filed a verified complaint for an
account stated in the Circuit Court of Cook
County, Illinois, on August 11, 1977. Ap-
pellants were served personally in Arizona
on August 16, 1977.

In response to the complaint, appellants
contacted an Illinois attorney who under-
took to represent them in the Illinois action.
On September 28, 1977, this attorney filed a
"Special and Limited Appearance" on be-
half of appellants. In that special appear-
ance, they specifically raised the question of
personal jurisdiction stating their appear-
ance was "for the sole purpose of objecting
to the jurisdiction of this court over the
person of the defendants," and they moved
to quash the summons for the reason that
the defendants had transacted no business

within the State of Illinois. The court denied the motion to dismiss and the motion to quash and expressly ordered that the special appearance stand as a general appearance and that appellants answer within 28 days. The court also set November 15, 1978, as a trial date and when appellants failed to file an answer, judgment was entered against them after the court made findings on the issues against them.

On January 11, 1979, appellants filed a petition to vacate the default judgment in the Illinois court. The petition was denied on November 1, 1979. On November 20, 1979, appellants filed an amended motion for relief from the judgment which was denied on November 29, 1979. No appeal was ever taken in the State of Illinois.

Arizona proceedings to enforce the Illinois judgment were instituted on August 21, 1979, when the attorney for appellee filed the Illinois judgment and an affidavit of judgment in the Pima County Superior Court. Appellants filed a "Motion To Declare Foreign Default Judgment Void and To Prohibit Its Enforcement." That motion alleged lack of personal jurisdiction in the Illinois court and extrinsic fraud as grounds for setting aside the Illinois judgment.

After a hearing the trial court denied appellants' motion on the ground that the issue respecting the Illinois court's in personam jurisdiction over appellants had been heard and determined in Illinois so that it could not be relitigated, and, on the further ground that there was no showing of extrinsic fraud in obtaining the Illinois judgment.

■ The general rule is that when a court, in a contested hearing on jurisdictional facts, determines that it has jurisdiction, its determination is res judicata on the jurisdiction issue and cannot be relitigated in another state. In such a case an attack upon the jurisdiction of the rendering state made in the enforcing state would be barred by principles of full faith and credit. *Firedoor Corporation of America v. Tibshraeny Brothers Construction, Inc.*, 126 Ariz. 392, 616 P.2d 67 (App.1980). Appel-

lants contend that this rule does not apply when the judgment is obtained in the foreign state after a special appearance has been made by the defendant. Their contention was decided adversely however, in *Baldwin v. Iowa State Traveling Men's Ass'n*, 283 U.S. 522, 51 S.Ct. 517, 75 L.Ed. 1244 (1931) where the court stated:

"The substantial matter for determination is whether the judgment amounts to res judicata on the question of the jurisdiction of the court which rendered it over the person of the respondent. It is of no moment that the appearance was a special one expressly saving any submission to such jurisdiction. That fact would be important upon appeal from the judgment, and would save the question of the propriety of the court's decision on the matter, even though, after the motion had been overruled, the respondent had proceeded, subject to a reserved objection and exception, to a trial on the merits. [citations omitted.] The special appearance gives point to the fact that the respondent entered the Missouri court for the very purpose of litigating the question of jurisdiction over its person. It had the election not to appear at all. If, in the absence of appearance, the court had proceeded to judgment, and the present suit had been brought thereon, respondent could have raised and tried out the issue in the present action, because it would never have had its day in court with respect to jurisdiction. [citations omitted.] It had also the right to appeal from the decision of the Missouri District Court, as is shown by *Harkness v. Hyde*, [98 U.S. 476, 25 L.Ed. 237] supra, and the other authorities cited. It elected to follow neither of those authorities cited. It elected to follow neither of those courses, but, after having been defeated upon full hearing in its contention as to jurisdiction, it took no further steps, and the judgment in question resulted.

Public policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest; and that matters

once tried shall be considered forever settled as between the parties. We see no reason why this doctrine should not apply in every case where one voluntarily appears, presents his case and is fully heard, and why he should not, in the absence of fraud, be thereafter concluded by the judgment of the tribunal to which he has submitted his cause." 51 S.Ct. at 517–18.

█ Regarding appellants' claim of extrinsic fraud, a successful attack on a foreign judgment must be based on some specific act, instigated or perpetrated by the plaintiff, which induced a false reliance in the defendant. *Superior Distributing Corporation v. White*, 146 Colo. 595, 362 P.2d 196 (1961). No such evidence was offered here to support appellants' claim.

Affirmed.

HATHAWAY, C. J., and BIRDSALL, J., concur.