**Gary G. HANSEN, Plaintiff-Appellee,**

v.

**Ron PINGENOT, d/b/a Tejon Gallery, Defendant-Appellant.**

**No. 85CA0778.**

Colorado Court of Appeals, Div. III.

May 7, 1987.

---

Keller, Dunievitz, Johnson & Wahlberg, Lionel Dunievitz, Denver, and Fordyce & Mayne, P.C., Stephen A. Thompson, St. Louis, Mo., for plaintiff-appellee.

Leo Gemma, Jr., Littleon, and David L. McCarl, Denver, for defendant-appellant.

METZGER, Judge.

Defendant, Ron Pingenot, d/b/a Tejon Gallery, appeals the trial court's order denying his motions to dismiss, set aside, or stay a default judgment which plaintiff, Gary G. Hansen, seeks to enforce under the Uniform Enforcement of Foreign Judgments Act (the Act). We reverse and remand for the trial court to enter an order dismissing the action.

On August 21, 1984, a default judgment was entered against Pingenot, a resident of Colorado, in favor of Hansen, a resident of Missouri, by the Circuit Court of the County of St. Louis, Missouri, in the amount of $5,142, plus pre-judgment interest of $1,234.08, and Hansen's costs. On December 10, 1984, an authenticated copy of the judgment was filed in the Jefferson County District Court.

Thereafter, Pingenot filed motions to dismiss, set aside, or stay the execution of the default judgment, contending that the Missouri court lacked personal jurisdiction. Pingenot also filed a supporting affidavit in which he stated he had not transacted any business with Hansen in Missouri, either individually, or on behalf of Tejon Gallery, Ltd., a Colorado corporation. Pingenot further urged that the filing of the judgment in Colorado should be vacated because Hansen, a non-resident, had not filed a bond as security for costs pursuant to § 13–16–101, C.R.S.

By an order dated February 11, 1985, the trial court found that the record before it did not indicate whether the Missouri court had personal jurisdiction over Pingenot when the default judgment was entered. Therefore, the court directed that a hearing be held on the issue of jurisdiction. Prior to the hearing, Hansen filed a brief in support of his position, and evidently attached an exemplified copy of the return of service. The return of service is not part of the record before this court.

A hearing was held on April 10, 1985, before a different judge. Counsel argued the issue of personal jurisdiction, but no evidence was adduced. The court found, after considering the Missouri judgment and the return of service, that Pingenot had received actual notice. Thus, the court reasoned, Pingenot's challenge to the Missouri court's jurisdiction should have been raised in Missouri. The court held that the Missouri judgment should be accorded full faith and credit, and denied Pingenot's motions. In its findings and order enforcing the Missouri judgment *nunc pro tunc*, it ruled that Pingenot had failed to show, "by any type of evidence required by law," that the Missouri court did not have jurisdiction over his person.

I.

Pingenot first contends that the trial court erred in finding that the Missouri court had acquired personal jurisdiction over him. We agree.

Under U.S. Const. art. IV, § 1, full faith and credit must give to the public acts and judgments of a sister state. *Tucker v. Vista Financial Corp.*, 192 Colo. 440, 560 P.2d 453 (1977). Section 13–53–103, C.R.S., establishes the procedure whereby a non-resident may file a foreign judgment in any Colorado court which would have had juris-

diction over the original action if it had been commenced in this state. Once filed in accordance with the Act, the foreign judgment is enforced in the same manner as all other judgments of this state.

■ However, if the foreign judgment was rendered without personal jurisdiction over the defendant, the judgment is void and will not be enforced. *Tucker v. Vista Financial Corp., supra. See also O'Brien v. Eubanks,* 701 P.2d 614 (Colo. App.1985). While the court asked to enforce the judgment cannot redetermine the merits of the case or the wisdom of the judgment, it always has the power to inquire into the jurisdiction of the foreign court to issue the judgment. *Milliken v. Meyer,* 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (1940); Restatement (Second) of Judgments § 81 (1982).

Personal jurisdiction does not depend upon service alone. *See Superior Distributing Corp. v. White,* 146 Colo. 595, 362 P.2d 196 (1961). Due process requires that the defendant also have sufficient minimum contacts with the forum state to make it reasonable to require him to litigate in that state, and to demonstrate that maintenance of the suit does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). *See World-Wide Volkswagon Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

Hansen argues that the Missouri court acquired jurisdiction over Pingenot by virtue of Missouri's long arm statute. That statute, Mo.Rev.Stat. § 506.500 (1987) provides, as pertinent here, that in personam judgment may be obtained by personal service upon a non-resident if the non-resident "Transacts any business within the state...." Following service in accordance with such provisions, a court of general jurisdiction is presumed to have jurisdiction over the parties unless disproved by the record or extrinsic evidence. *See Milliken v. Meyer, supra.* This presumption may be rebutted. *Norman v. Kal,* 88 Ill. App.3d 81, 43 Ill.Dec. 316, 410 N.E.2d 316 (1980).

■ The default judgment of the Missouri court is silent on the issue of jurisdiction, and Hansen tendered no evidence to show that Pingenot had transacted any business there. The mere existence of a default judgment does not establish that the Missouri court had jurisdiction, but only raises a presumption of valid jurisdiction.

Pingenot correctly followed the procedure outlined in *Superior Distributing Corp. v. White, supra,* by making no appearance in Missouri and by moving to dismiss the action when it was filed here. In support of his position at the hearing in Colorado, Pingenot tendered an affidavit which states that he did not transact any business within the State of Missouri. Hansen offered no evidence to the contrary.

Under these circumstances, we conclude that Pingenot's affidavit was sufficient to rebut the presumption of valid jurisdiction, *see Nationwide Trailers Rental System, Inc. v. Molthop,* 477 P.2d 486 (Colo.App. 1970) (not selected for official publication), and the court here erred in finding that the jurisdiction of the Missouri court had been established.

## II.

■ Pingenot's remaining contention is without merit. He asserts that the judgment should have been dismissed because Hansen failed to file a cost bond under § 13–16–101, C.R.S. In *Hunter Technology, Inc. v. Scott,* 701 P.2d 645 (Colo.App. 1985), this court held that registration of a foreign judgment under the Act is not an "action" within the meaning of the statute now codified as § 13–80–103.5, C.R.S. (1986 Cum.Supp.). The Act does not require the institution of an original action to enforce a foreign judgment; it merely requires that, in order to give a foreign judgment effect in Colorado, the judgment need only be filed in accordance with the Act's provisions. Section 13–53–103, C.R.S., the cost bond statute, is applicable only to original "actions" initiated by non-residents and is not applicable here. Consequently, failure to file a cost bond does not require that the filing of the foreign judgment be dismissed.

The order is reversed and the cause is remanded with directions to dismiss the judgment.

VAN CISE and BABCOCK, JJ., concur.