**MARWORTH, INC., Plaintiff–Appellee,**

v.

**Eugene F. McGUIRE and Gary T. Cornwell, Defendants–Appellants.**

No. 88CA0940.

Colorado Court of Appeals, Div. IV.

Dec. 21, 1989.

Rehearing Denied Jan. 18, 1990.

Certiorari Granted May 14, 1990 (90SC80).

Jorge E. Castillo, P.C., Jorge E. Castillo, Denver, for plaintiff-appellee.

Vanatta, Sullan & Sandgrund, P.C., Scott F. Sullan and Ronald M. Sandgrund, Englewood, for defendants-appellants.

Opinion by Judge NEY.

Defendants, Eugene F. McGuire and Gary T. Cornwell, appeal the judgment of the district court enforcing a Texas judgment under § 13–53–101, et seq., C.R.S. (1987 Repl.Vol. 6A). We affirm the entry of the Texas judgment and reverse the trial court's order which did not consider defendant's C.R.C.P. 60 motion for relief from judgment.

A Texas law firm provided legal services to the Colorado law firm of O'Connor and Hannan. Kearns, another defendant not a party to this appeal, and McGuire, then members of O'Connor and Hannan, left to form their own law partnership. The Texas law firm made demand on this new partnership, McGuire, Kearns & Cornwell, for payment of outstanding attorney's fees claiming that Kearns, on behalf of the partnership, had guaranteed payment for legal services rendered.

Marworth, the assignee of the Texas law firm's claim, initiated suit in Texas against the partnership of McGuire, Kearns & Cornwell and the partners individually as defendants. Before the conclusion of plaintiff's case, the parties stipulated to the dismissal of McGuire and Cornwell, individually. Kearns was dismissed at the conclusion of the trial. The jury found for Marworth and judgment entered against the partnership only.

Marworth appealed to the Texas Court of Appeals, seeking a modification of the trial court's judgment to include each partner individually as jointly and severally liable. McGuire, Kearns, and Cornwell participated individually in that appeal. The Texas Court of Appeals entered judgment against all three partners.

Thereafter, each of them individually and the partnership moved for a rehearing. That motion was denied, and the individual partners applied for a writ of error to the Texas Supreme Court which was also denied.

Marworth filed the Texas judgment in Denver District Court pursuant to the Colorado Uniform Enforcement of Foreign Judgments Act, § 13–53–101, et seq., C.R.S. (1987 Repl.Vol. 6A). Rejecting defendants' motion to dismiss, the Denver District Court found that the Texas court had personal jurisdiction over McGuire, Kearns, and Cornwell, individually, and that the three individuals had been afforded due process. In so holding the court gave full faith and credit to the Texas judgment. This appeal followed.

I

Defendants assert that the Texas court had no personal jurisdiction to enter judgment against them after their dismissal from the Texas trial and further that the plaintiff's claim was without merit. This contention is erroneous since the record indicates that the defendants appeared and participated in the trial and on appeal in Texas. *See Gedeon v. Gedeon,* 630 P.2d 579 (Colo.1981).

Pursuant to U.S. Const. art. IV, § 1, Colorado courts are required to give full faith and credit to the Texas decree. *See Pardee v. Mostow,* 757 P.2d 1148 (Colo. App.1988). Thus, the merits underlying the foreign judgment may not be examined. *Tucker v. Vista Financial Corp.,* 192 Colo. 440, 560 P.2d 453 (1977).

II

Defendants assert that by dismissing them from trial prior to the presentation of defendants' evidence, they were individually deprived of procedural due process by the Texas trial court. We remand

to the trial court for further findings on this assertion.

After the Texas appellate court entered judgment against the three partners, the defendants failed to move for remand for a new trial on the issue of due process, and thus, an issue arises concerning whether there was a waiver of any due process violation.

In Colorado, waiver may be shown by a course of conduct signifying a purpose not to stand on a right. *See Pastor v. San Juan School District No. 1*, 699 P.2d 418 (Colo.App.1985). However, here, the existence of a waiver is a factual determination to be resolved consonant with Texas law. In Texas, waiver is defined as an intentional relinquishment of a known right, or intentional conduct inconsistent with claiming it. Also, the doctrine of waiver has been held to apply to all rights or privileges to which a person is legally entitled. *Burton v. National Bank of Commerce*, 679 S.W.2d 115 (Tex.Ct.App.1984). Hence, the matter must be remanded for the trial court to determine if defendants waived their due process argument by failing to raise it in their motion for rehearing in the Texas Court of Appeals.

### III

■ Defendants argue that the trial court erred by failing to consider their C.R. C.P. 60 defenses. We agree.

In their motion to dismiss, defendants argued that they were not bound by the Texas judgment because of plaintiff's fraud, misrepresentation, and other misconduct related to the alleged perjury of a witness. The defendants allege that they have recently obtained the evidence of this perjury.

The trial court, relying on *Hansen v. Pingenot*, 739 P.2d 911 (Colo.App.1987), held that it did not have "the power and authority to undertake full-fledged reviews of the judgments of sister states under Rule 60(b)." However, § 13–53–103, C.R.S. (1987 Repl.Vol. 6A) provides that any foreign judgment filed in this state "has the same effect and is subject to the same procedures, defenses, and proceedings for

reopening, vacating, or staying" as a judgment of a court of this state.

Therefore, the matter must be remanded to the trial court to consider defendants' motion for relief from judgment based upon their claim of fraud.

### IV

■ Defendants further contend that the court erred in recognizing the Texas judgment under the Uniform Enforcement of Foreign Judgments Act, arguing that the judgment creditor should have filed an independent action based on the constitutional provisions of full faith and credit rather than proceeding under the Act. We disagree.

The Act provides that any foreign judgment entitled to full faith and credit in the Colorado courts shall have the same effect as a judgment of a court of Colorado when filed according to the procedures set out in the Act. Section 13–53–103, C.R.S. (1987 Repl.Vol. 6A); *Gedeon v. Gedeon, supra.* The Act does not require the institution of an original action to enforce a foreign judgment. To give a foreign judgment effect in Colorado, the judgment need only be filed in accordance with § 13–53–103, C.R.S. (1987 Repl.Vol. 6A); *Hansen v. Pingenot, supra.*

The order is affirmed that the foreign judgment may be entered as a Colorado judgment subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a court of this state, and the cause is remanded to the trial court for consideration of defendants' motion for relief from judgment, pursuant to C.R.C.P. 60, based on the alleged fraud and denial of procedural due process.

CRISWELL and HUME, JJ., concur.