23CA1629 Bert v Evans 07-03-2024 COLORADO COURT OF APPEALS Court of Appeals No. 23CA1629 Elbert County District Court No. 23CV30047 Honorable Theresa Slade, Judge Carlton Bert and Shari Bert, Plaintiffs-Appellees, v. Chad E. Evans and Evans Performance Horses, LLC, Defendants-Appellants. ORDER AFFIRMED Division IV Opinion by JUDGE PAWAR Navarro and Johnson, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced July 3, 2024 Spencer Fane LLP, John O’Brien, Scott C. Sandberg, Denver, Colorado, for Plaintiffs-Appellees FENNEMORE CRAIG, P.C., Patrick J. Hickey, Tanya J. Sevy, Denver, Colorado, for Defendants-Appellants 
1 ¶ 1 Defendants, Chad E. Evans and Evans Performance Horses, LLC (collectively, the Evans parties), appeal from the district court’s order denying their motion for relief from a default judgment in favor of plaintiffs, Carlton Bert and Shari Bert (collectively, the Berts) entered by a Kansas court. We affirm. I. Background ¶ 2 The Berts filed a complaint in Kansas district court asserting claims for fraud, conversion, breach of fiduciary duties, and breach of contract, against the Evans parties. The claims pertained to an agreement for the purchase and sale of a show horse, the proceeds of which the Berts alleged they did not receive. The Evans parties did not answer the complaint, and the Kansas district court issued a default judgment against them. ¶ 3 Shortly thereafter, the Evans parties, through counsel, moved for the Kansas court to set aside the default judgment. They argued that they were not involved in the transactions involving the horse at issue and did not reside, own property, or do business in Kansas. They also asserted that they had not hired counsel or taken action in response to the Berts’ complaint because they believed the 
2 matter had been resolved by way of a phone conversation. The Kansas court denied the motion. ¶ 4 After the Berts domesticated the Kansas default judgment in Colorado, the Evans parties filed the underlying motion for relief from the foreign judgment. They argued that the judgment was void because the Kansas court lacked personal jurisdiction over them. The district court summarily denied the motion for relief. ¶ 5 The Evans parties appeal. II. Applicable Law ¶ 6 Article IV of the United States Constitution provides that “Full Faith and Credit shall be given in each State to . . . judicial Proceedings of every other State.” U.S. Const. art. IV, § 1. Under the Uniform Enforcement of Foreign Judgments Act (UEFJA), section 13-53-103, C.R.S. 2023, a foreign judgment properly authenticated and filed in a Colorado court renders that judgment enforceable in the same manner as a Colorado judgment. See Hunter Tech., Inc. v. Scott, 701 P.2d 645, 646 (Colo. App. 1985). A proper foreign judgment is further “subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of the court of this state.” § 13-53-103. 
3 ¶ 7 The UEFJA is intended to implement the full faith and credit clause and to provide a summary procedure for enforcing foreign judgments. While a debtor may challenge a foreign judgment under C.R.C.P. 60(b), they may do so only to the extent permitted by the full faith and credit clause. See Marworth, Inc. v. McGuire, 810 P.2d 653, 657 (Colo. 1991). Relief from a qualifying foreign judgment under C.R.C.P. 60(b) is limited to cases involving lack of personal or subject matter jurisdiction of the rendering court; fraud in the procurement of the judgment; or satisfaction, lack of due process, or other grounds that make the judgment invalid or unenforceable. See id. at 656 (the judgment debtor may not relitigate the nature, amount, or other aspects of the merits of the judgment). III. Discussion ¶ 8 We recognize that a foreign judgment may be challenged on the grounds that it was entered without personal jurisdiction. Nevertheless, the Berts argue the Evans parties are barred from challenging the Kansas court’s personal jurisdiction here under the doctrine of res judicata. We agree. ¶ 9 The doctrine of res judicata encompasses both claim preclusion, which is true res judicata, and issue preclusion, more 
4 commonly called collateral estoppel. In re Marriage of Mallon, 956 P.2d 642, 644 (Colo. App. 1998). Under claim preclusion, a final judgment on the merits of an action precludes the parties from relitigating claims that were or could have been raised in that action. People v. Tolbert, 216 P.3d 1, 4 (Colo. App. 2007). For a claim in a second judicial proceeding to be precluded by a previous judgment, there must exist: (1) finality of the first judgment; (2) identity of subject matter; (3) identity of claims for relief; and (4) identity or privity between parties to the actions. Argus Real Est., Inc. v. E-470 Pub. Highway Auth., 109 P.3d 604, 608 (Colo. 2005). ¶ 10 With respect to the first and fourth elements of this test, there is no question that the Kansas default judgment is final or that the Berts and Evans parties were involved in the litigation in both Kansas and Colorado. We further conclude that the second element — identity of subject matter — is satisfied because the subject matter of the parties’ dispute remains the same. That is, the foreign judgment at issue here stems from the original underlying lawsuit. ¶ 11 The Evans parties assert the third element — identity of claims for relief — cannot be satisfied because they never raised the “actual argument” of personal jurisdiction in Kansas. We are not 
5 persuaded. Although they fail to mention it in the opening brief, the Evans parties contested the Kansas court’s “proper jurisdiction over them” when their attorney entered a special appearance to set aside the default judgment there. See Delta Cnty. Mem’l Hosp. v. Indus. Claim Appeals Off., 2021 COA 84, ¶ 22 (“A special appearance is one made for the purpose of urging jurisdictional objections.”). Their motion under section 60-260, K.S.A. 2023 (Kansas’s equivalent to C.R.C.P. 60(b)), also asserted a similar argument as to the one they raised in Colorado — that they had not done business with the Berts at all relating to the transaction at issue or been to Kansas during the time alleged. In support, the Kansas motion asserted that Chad Evans currently resides in Colorado, has never resided in Kansas, and has not owned any property or business interest in Kansas. The motion further states that Evans’ company is incorporated in and authorized to do business solely in Colorado and its principal office is located in Colorado. ¶ 12 Considering the special entry of appearance filed by the Evans parties’ attorney, the stated ongoing challenge to personal jurisdiction, and the factual averments relevant to such challenge, 
6 we conclude the issue of personal jurisdiction raised before the Colorado court was raised and fully litigated before the Kansas court. See Argus Real Est., Inc., 109 P.3d at 608-09 (the inquiry of whether there exists identity of claims for relief for purposes of claim preclusion “does not focus on the specific claim asserted or the name given to the claim”). ¶ 13 True, personal jurisdiction can be raised for the first time when challenging a foreign judgment. But after the default judgment entered against the Evans parties, they did not merely wait to challenge its validity once the Berts sought to domesticate it in Colorado. The Evans parties actually challenged the validity of the default judgment in Kansas on personal jurisdiction grounds. ¶ 14 Indeed, the Evans parties had the option of declining to appear at all in the Kansas proceedings. But instead, they sought remedy under various theories, including personal jurisdiction. Having done so, “the doctrine of res judicata must be applied” to this question of jurisdiction. See Superior Distrib. Corp. v. White, 146 Colo. 595, 600, 362 P.2d 196, 199 (1961) (claim preclusion applies to questions of jurisdiction in matters “involving application of the full faith and credit clause”). The Evans parties were unsuccessful 
7 in their jurisdictional challenge in Kansas. They cannot now seek relief from the Colorado district court under the same theory, hoping for a different outcome. Accordingly, we conclude they are not entitled to relief. IV. Disposition ¶ 15 The order is affirmed. JUDGE NAVARRO and JUDGE JOHNSON concur.